APRIL 21, 1803.

# Wm. Reading v. Thos. Hickman.

*Upon a writ of error to reverse a decree of the Logan District Court.*

Where the writ was in the plaintiff's own name and the declaration was in his name as assignee of another, the variance was held to be immaterial.

The three first errors assigned may be considered together; they are in substance that there is a variance between the writ and declaration; the writ is sued out in the plaintiff's own name, and not as assignee, and the declaration is as assignee of Robert M'Connel. This variance is conceived not material on the authority of the cases, *Lloyd qui tam* v. *Williams*, 2 Black. Rep. 722. The *Weaver's Company qui tam* v. *Forrest*, 2 Stra. 1232, and the note to the case of *Canning* v. *Davis*, 4 Burr. 2418.

The fourth error is deemed immaterial, as there has been no proceeding against the bail.

The first part of the fifth error, from the manner in which it is assigned, is an error of fact, which can not be regarded by the court in this case, and the latter part of this error is not well founded, because it is stated in the declaration (though not by way of averment) that the debt remained due and unpaid to Robert

M'Connel, at the time he assigned the bond to the plaintiff in the court below. Therefore, it is considered by the court, that the judgment aforesaid be affirmed, that the plaintiff may proceed to have the benefit of the same in the court below, and recover of the plaintiff ten per centum damages on the amount thereof, together with his costs in this behalf expended, which is ordered to be certified to the circuit court of Logan county.