ED. SLAVEN *v.* THE STATE.

(*Knoxville.* September Term, 1923.)

CRIMINAL LAW. Statute held not unconstitutional as providing two punishments for same offense.

Public Acts 1923, chapter 2, amending Public Acts 1917, chapter 12, which made it unlawful to transport intoxicating liquor and provided punishment as for a misdemeanor, by adding provisos at the end of sections 3 and 4 of the original act making it a felony where the amount of intoxicating liquor transported was one gallon or more, is not unconstitutional as providing two punishments for the same offense, the amendatory act not purporting to amend only sections 3 and 4 of Acts 1917 but the entire act, and it being the intention of the legislature to take the transportation of liquor in quantities of one gallon and more out of the general enactment of 1917 and to provide especially for them.

Acts cited and cnstrued: Acts 1917, ch. 12, secs. 3 & 4; Acts 1923, ch. 2.

---

FROM SCOTT.

---

Appeal from the Circuit Court of Scott County.—HON. J. H. S. MORRISON, Judge.

DAVIS & DAVIS, for Slaven.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

Slaven v. State.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The plaintiff in error has appealed from a judgment convicting him of transporting more than one gallon of liquor.

The jury fixed his punishment at confinement in the penitentiary for one year and one day.

The amendment to the Indeterminate Sentence Law, requiring juries to fix the maximum term of imprisonment in felony cases, was effective on April 15, 1923. By its terms, this amendment applies only to offenses committed after the passage of the act.

The indictment in this case charges that the offense was committed on April 7, 1923, and the proof shows that the offense was committed on that date, which was prior to the passage of the act referred to.

It is conceded that if the judgment of the lower court should be affirmed, the judgment should be corrected so as to provide that the plaintiff in error be confined in the penitentiary for an indeterminate term of not less than one year and one day, nor more than five years.

The first question raised by the assignments of error is that the statute defining the offense charged in the indictment is unconstitutional and void.

The act referred to is chapter 2 of the Acts of 1923, which is as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that chapter 12 of the Public Acts of 1917, entitled 'An act prohibiting the receipt of intoxicating liquors from a common or other carrier, prohibiting the possession of such liquors hereafter received from

such carrier, or other carriers, and prohibiting the shipment and personal transportation of such liquors into this State, or between points within this State, whether intended for personal use or otherwise,' be and the same is hereby amended by adding to the end of section 3 thereof the following:

" 'Provided that if the intoxicating liquor so shipped or transported be in the quantity of one gallon or more, such shipment or transportation shall be a felony, punishable by confinement in the penitentiary for a term of not less than one year and one day nor more than five years.'

"And by adding to the end of section 4 of said statute the following:

" 'Provided that if the intoxicating liquor so transported shall be in the quantity of one gallon or more, the offense shall be a felony punishable by imprisonment in the penitentiary for a term of not less than one year and one day and not more than five years.'

"Sec. 2. Be it further enacted, that this act take effect from and after its passage, the public welfare requiring it."

The pertinent sections of chapter 12 of the Acts of 1917 are as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that it shall be unlawful for any person, firm or corporation to receive, directly or indirectly, intoxicating liquors including wine, ale and beer, from a common, or other carrier, in this State, whether intended for personal use, or otherwise, and whether interstate or intrastate shipments or transportation.

"Sec. 2. Be it further enacted, that it shall be unlawful for any person, firm or corporation to possess intoxicat-

ing liquors, including wine, ale and beer, hereafter received, directly or indirectly, from a common or other carrier in this State, whether intended for personal use or otherwise, and whether interstate or intrastate shipments or transportation.

"Sec. 3. Be it further enacted, that it shall be unlawful for any express company, railroad company, or any common carrier or person to ship or transport into this State or from one place to another within this State, intoxicating liquors, including wine, ale and beer, for any person, firm or corporation, whether in original packages or otherwise and whether intended for personal use or otherwise.

"Sec. 4. Be it further enacted, that it shall be unlawful for any person to personally transport into this State or from one point to another within this State, even when intended for personal use, intoxicating liquors, including wine, ale and beer, in any quantity whatever.

"Sec. 5. Be it further enacted, that nothing in this act shall make it unlawful:

"(1) For any priest or minister of any religious denomination or sect to receive and possess wines for sacramental purposes, or for any common, or other carrier, to ship or transport wine for said purposes to any priest or minister of any religious denomination or sect.

"(2) For druggists to receive and possess alcohol and other intoxicating liquors and such preparations as may be sold by druggists for the special purposes and in the manner as now or hereafter provided by law, or for manufacturers of medicines that conform to the provisions of the Pure Food and Drugs Act of June 30, 1906, or for *bona-fide* hospitals, or for manufacturers of flavoring ex-

tracts, or for manufacturers of perfumery and toilet articles to receive and possess alcohol for use of *bona-fide* patients of such hospitals, or in the manufacturing of such medicines, or flavoring extracts, or perfumery and toilet articles, or for any common or other carrier to ship or transport such liquor or alcohol for said purposes to such druggists or hospitals, or manufacturers of medicines, or of flavoring extracts, or of perfumery or of toilet articles in this State.

"(3)   For interstate dealers in intoxicating liquors located in this State now actually in possession of such intoxicating liquors to dispose of the same by July 1, 1917, as now provided by law.

"(4)   For any person, for the use of himself or for the use of his family residing with him, to personally transport to his own home, or to possess or receive from any common or other carrier, shipped from without the State, intoxicating liquors not exceeding in quantity one gallon prior to March 1, 1917, or for any common or other carrier to ship or transport to any person in this State intoxicating liquors, for the personal use of such person, or for the use of the members of his family residing with him, not exceeding in quantity one gallon, prior to said date of March 1, 1917.

"Sec. 6.   Be it further enacted, that any person, firm or corporation violating any of the provisions of this act, shall upon conviction, be fined not less than fifty dollars nor more than five hundred dollars, and in the discretion of the court may be imprisoned in the county jail or workhouse for a period of time not exceeding six months."

The theory of the plaintiff in error is that the act of 1923 only attempts to amend sections 3 and 4 of the act

of 1917, leaving section 6 in full force, and thus providing two different punishments for the same offense; and the rule of construction is invoked that in such case the latter repeals the first.

The third section of the act of 1917 provides that it is unlawful for a common carrier or person to ship or transport into this State, or from one place to another within the State, intoxicating liquors, whether intended for personal use or otherwise.

The fourth section makes it unlawful for any person to personally transport into the State, or from one point to another within the State, intoxicating liquors in any quantity whatever.

Section 6 of the act provides punishment, as for a misdemeanor, to be imposed upon "any person, firm or corporation violating any of the provisions of this act."

The legislative intent in the enactment of the amendatory act of 1923 is clearly stated in the caption thereof, which is as follows:

"An act to amend chapter 12 of the Public Acts of 1917, so as to make it a felony to ship or transport intoxicating liquors in quantities of one gallon or more into the State or from one place to another within the State."

The amendatory act does not purport to amend only sections 3 and 4 of the act of 1917, but the entire act.

The language added to sections 3 and 4 are "provisos" increasing or enlarging the punishment where the amount shipped or transported is one gallon or more.

In 32 Cyc. 743, the word "proviso" is defined as—"Something ingrafted upon a preceding enactment, and is legitimately used for the purpose of taking special cases out

of the general enactment, and providing specially for them."

Such was the intent of the legislature here, viz. to take the shipping and transporting of liquor in quantitites of one gallon and more out of the general enactment of 1917 and to provide specially for them.

To say that the "proviso" to sections 3 and 4 are repealed, by implication, by section 6 of the act of 1917, passed some six years previous, would be *reductio ad absurdum.* This objection to the act is untenable, and the assignment of error raising this question must be overruled.

The case, upon the merits, was disposed of in an oral opinion.

With the modification of the judgment hereinabove indicated, the judgment of the trial court will be affirmed.