CHAS. (alias ELVIS) BRADFORD *v.* THE STATE.*

(*Nashville.* December Term, 1924.)

1. **STATUTES.** Statute defining offenses, one felony and the other misdemeanor, held not to contain two subjects in violation of Constitution.

That Pub. Acts 1917, chapter 12, sections 3 and 4, as amended by Pub. Acts 1923, chapter 2, declares offense of shipping or transporting liquor or personal transportation thereof in quantities of one gallon or more a felony, whereas offense of receiving liquor from carrier or of possession of liquor received from carrier remains misdemeanor, does not render act, as amended, unconstitutional as containing two subjects in violation of Constitution, article 2, section 17. (*Post, p.* 452.)

Acts cited and construed: Acts 1917, ch. 12, secs. 3, 4; Acts 1923, ch. 2.

Cases cited and approved: Kizer v. State, 140 Tenn., 582; Slaven v. State, 149 Tenn., 40.

Constitution cited and construed: Sec. 17, art. 2.

2. **STATUTES.** A penal act may create more than one offense, if suitably entitled, and misdemeanor and felony, may be established by same act, if caption be broad enough.

A penal act may create more than one offense, if suitably entitled, and misdemeanor and felony may be established by same act, if caption be broad enough. (*Post, pp.* 452, 453.)

Cases cited and approved: House v. Creveling, 147 Tenn., 589; Davis v. Hailey, 113 Tenn., 247.

*Headnotes 1. Statutes, 36 Cyc., p. 1025; 2. Statutes, 36 Cyc., p. 1025.

FROM DAVIDSON.

Appeal from the Criminal Court of Davidson County. —Hon. Chester K. Hart, Judge.

W. C. Cherry and F. M. Garard, for Bradford.

Wm. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Chief Justice Green delivered the opinion of the Court.

The plaintiff in error was convicted of the transportation of more than one gallon of intoxicating liquor, and sentenced to the penitentiary for a term of not less than one year and one day, nor more than five years, under the provisions of chapter 2 of the Acts of 1923. The only question made upon the appeal in error is that the act in question contains two subjects in violation of section 17 of articles 2 of the Constitution.

Chapter 2 of the Acts of 1923 undertakes to amend chapter 12 of the Acts of 1917 so as to provide that shipment or transportation of intoxicating liquor denounced in section 3 of the original act, and personal transportation of intoxicating liquor denounced in section 4 of the original act, when in quantities of one gallon or more, shall be punished as a felony, with confinement in the penitentiary for a term of not less than one year and one day nor more than five years. Under the act of 1917 these offenses were punishable as misdemeanors.

Chapter 12 of the Acts of 1917 also denounces the receipt of intoxicating liquor from a common or other car-

rier, and denounces the possession of intoxicating liquor received from a common or other carrier. Chapter 2 of the Acts of 1923 does not affect the earlier act in so far as the earlier act deals with the receipt and possession of intoxicating liquor.

The contention of the plaintiff in error is that the act of 1917, as amended by the act of 1923, creates both a misdemeanor and a felony, and that such legislation cannot be combined in a single act without putting two subjects into the act in violation of the constitutional provision mentioned.

We think that the argument made for the plaintiff in error must be rejected when tested by previous decisions of this court.

In *Kizer* v. *State,* 140 Tenn., 582, 205 S. W., 423, the real subject of chapter 12 of the Acts of 1917 was stated by construction to be ''an act to make more effective the prohibition laws of the State,'' and it was said that this subject was sufficiently indicated in the title of said act.

In *Slaven* v. *State,* 149 Tenn., 40, 257 S. W., 90, it was held that the act of 1923 was not intended to amend only section 3 and section 4 of the Acts of 1917, but amended the entire act so as to take the shipping and transportation of liquor in quantities of one gallon or more out of the general provisions of the act of 1917, and to provide specially for these offenses.

We cannot agree to the insistence that a penal act may create only one offense. Under the authorities reviewed in *House* v. *Creveling,* 147 Tenn., 589, 250 S. W., 357, we think a single act might establish a complete Criminal Code, if it was suitably entitled.

No reason occurs to us why a misdemeanor and a felony might not be established in a single act, if the caption of the act was broad enough. In *Davis* v. *Hailey,* 113 Tenn., 247, 227 S. W., 1021, there was an exertion of the police power and of the taxing power of the State toward the regulation of the business of real estate agents. It was urged there that a combination of two such matters in a single act was offensive to the Constitution, but the court said:

"So far as section 17, article 2, is concerned, if the various provisions of an act are directed towards a common purpose, and that purpose is expressed in the title, it would make no difference if the several provisions of the act involved all powers of the legislature. This section of the Constitution regulates the syntax of statutes. It imposes no restriction upon the powers exerted, nor upon the commingling of such powers, so long as the provisions of the statute are not incongruous and are germane to the subject expressed in the caption.".

The real purpose of this legislation, as held in *Kizer* v. *State,* supra, being to make more effective the prohibition laws of the State, we think there is no incongruity in denouncing one offense as a misdemeanor and another as a felony, according to the gravity of each offense as viewed by the legislature. Unity of purpose is not thereby destroyed.

No question of practice and procedure under these acts is presented on this record, and there is no occasion for an expression by the court as to these matters.

The judgment of the trial court is affirmed.