CLARENCE TENPENNY *v.* THE STATE.*

(*Nashville.* December Term, 1924.)

1. **CRIMINAL LAW.** Illegal evidence inadmissible to obtain conviction.
   Efforts to punish guilty cannot be aided by sacrifice of fundamental
   constitutional principles, and hence illegal evidence cannot be re-
   ceived to obtain conviction. (*Post, pp.* 672, 673.)

   Acts cited and construed: Acts 1923, ch. 2; Acts 1917, ch. 12.

   Cases cited and approved: Hughes v. State, 145 Tenn., 544; Goodwin
   v. State, 148 Tenn., 682; Weeks v. United States, 232 U. S., 383;
   Hampton v. State, 148 Tenn., 155; Craven v. State, 148 Tenn., 517;
   Gouled v. United States, 255 U. S., 298; Amos v. United States, 255
   U. S., 313.

2. **INTOXICATING LIQUORS.** State officers cannot search vehicles with-
   out warrant on probable cause for believing they contain contraband
   liquor.

   State officer can intercept, search, and arrest person on highway only
   in manner prescribed by Const. art. 1, section 7, and Shannon's
   Code, sections 6997, 7296, et seq., embodying common law as to
   when officer may arrest without warrant, and hence cannot search
   vehicles on probable cause for belief that they bear contraband
   liquor. (*Post, pp.* 673, 674.)

   Case cited and approved: Carroll et al. v. United States, 45 S. Ct.,
   280.

   Codes cited and construed: Secs. 6997, 7296(S.).

   Constitution cited and construed: Art. 1, Sec. 7.

3. **CRIMINAL LAW.** Admissibility of evidence obtained by seizure mixed
   question of law and fact for court.

*On transportation of concealed liquor as an offense within presence
of officer authorizing an arrest without a warrant, see note in 20 A. L.
R. 652.

Whether evidence obtained by seizure was legally acquired and admissible presents mixed question of law and fact for trial judge. (*Post, pp.* 674-676.)

Cases cited and approved: Smith v. State, 28 Tenn., 17; Dickason v. State, 139 Tenn., 607.

Cases cited and distinguished: Goodwin v. State, 148 Tenn., 687; Brakefield v. State, 33 Tenn., 217.

4. **INTOXICATING LIQUORS.** Refusal to hear evidence rebutting officer's testimony on preliminary inquiry as to legality of arrest and seizure held reversible error.

Refusal to hear evidence, offered to rebut officer's testimony on preliminary inquiry as to legality of arrest and seizure of intoxicating liquors in vehicle on highway, *held* reversible error. (*Post, pp.* 676, 677.)

5 **GRAND JURY.** Presentment for felonious transportation not void because act creating felony confers no inquisitorial power on grand jury.

Presentment for felonious transportation of intoxicating liquors, under Acts 1923, chapter 2, *held* not void because such act does not confer inquisitorial power on grand jury, in view of Acts 1917, chapter 12, section 7, expressly conferring such power. (*Post, p.* 677.)

Acts cited and construed: Acts 1923, ch. 2; Acts 1917, ch. 12, sec. 7.

Case cited and approved: Slaven v. State, 149 Tenn., 40.

6. **INDICTMENT AND INFORMATION.** Felony of transporting more than gallon may be joined with count charging misdemeanor of transporting less than gallon.

As one accused, whether of felony or misdemeanor, is guaranteed right of counsel by Const. art. 1, section 9, and entitled to number of peremptory challenges, allowed by Shannon's Code, section 5825, on trial for felony, if arraigned on indictment containing both felony and misdemeanor counts, and may be convicted of lower degree of offense charged, whether felony or misdemeanor, under sections 7085 and 7195, felony of transporting more than gallon of

intoxicating liquor under Acts 1923, chapter 2, may be joined in indictment with counts charging misdemeanors of transporting less than gallon and possessing such liquor. (*Post, pp.* 677-680.)

Cases cited and approved: State v. Covington, 142 Tenn., 659; State v. Freels, 22 Tenn., 230.

Case cited and distinguished: Lawless v. State, 72 Tenn., 176.

Codes cited and construed: Secs. 5825, 7085, 7195 (S.).

Constitution cited and construed: Art. 1, sec. 9.

*Headnotes 1. Criminal Law, 16 C. J., Section 1090; 2. Intoxicating Liquors, 33 C. J., Section 376 (1926 Anno); 3. Criminal Law, 16 C. J., Section 2286 (1926 Anno.); 4. Criminal Law, 16 C. J., Section 1110; 5. Statutes, 36 Cyc., p. 1164; 6. Indictments and Informations, 31 C. J., Section 353.

## FROM CANNON.

Appeal from the Circuit Court of Cannon County.— Hon. John E. Richardson, Judge.

Jas. H. Cummings and J. Barrett Melton, for Tenpenny.

W. H. Swiggart, for the State.

Mr. Justice Cook delivered the opinion of the Court.

Plaintiff in error was convicted of felonious transportation of intoxicating liquor under chapter 2, Acts of 1923, amendatory of chapter 12, Acts of 1917. The assignments of error require discussion of: (1) The preliminary inquiry to determine the admissibility of evidence introduced by the State; (2) whether the grand jury may exercise inquisitorial power over violations of chapter 2, Acts, of 1923, amending chapter 12, Acts of

1917; (3) whether the presentment under the statute may include a count for felonious transportation of more than a gallon, a count for unlawful transportation of a gallon or less, and a count for unlawful receipt or possession of liquor from a common or other carrier.

When the State offered its evidence, the defendant objected that it was unlawfully obtained and not admissible under *Hughes* v. *State,* 145 Tenn., 544, 238 S. W., 588, 20 A. L. R., 639. Thereupon the trial judge instituted a preliminary inquiry to determine its admissibility according to the procedure suggested in *Goodwin* v. *State,* 148 Tenn., 682, 257 S. W., 79.

The courts are sometimes required to adapt established procedure and harmonize existing law with situations that arise from new statutes. The problem is not always easy, because the courts must observe and declare the law; they cannot make it. This new statute made it a crime to transport or possess intoxicating liquor, and from the efforts to enforce the law many questions arise as to how far the police may go on exploratory expeditions after evidence to convict. We have no statute penalizing officers for unlawful arrest or unlawful search of unoffending persons.

As said in *Weeks* v. *United States,* 232 U. S., 383, 34 S. Ct., 341, 58 L. Ed., 652, L. R. A., 1915B, 834, Ann. Cas., 1915C, 1177, the efforts of the courts and their officers to bring the guilty to punishment, praiseworthy as they are, are not to be aided by the sacrifice of those great principles established by years of endeavor and suffering which have resulted in their embodiment in the fundamental law of the land. Illegal practices should find no sanction in the judgment of the courts, which are

charged at all times with the support of the Constitution, and to which the people have a right to appeal for the maintenance of fundamental rights. Hence the rule that illegal evidence cannot be received to produce a verdict of guilty. *Hughes* v. *State,* 145 Tenn., 544, 238 S. W., 588, 20 A. L. R., 639; *Hampton* v. *State,* 148 Tenn. 155, 252 S. W., 1007; *Craven* v. *State,* 148 Tenn., 517, 256 S. W., 431; *Goodwin* v. *State,* 148 Tenn., 682, 257 S. W., 79; *Gouled* v. *United States,* 255 U. S., 298, 41 S. Ct., 261, 65 L. Ed., 647; *Amos* v. *United States,* 255 U. S., 313, 41 S. Ct., 266, 65 L. Ed., 654.

Article 1, section 7, of the Constitution, provides: "That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offenses are not particularly described and supported by evidence, are dangerous to liberty, and ought not to be granted."

Section 6997, Shannon's Code, is an embodiment of the common law. Under it an officer may, without a warrant, arrest a person: (1) For a public offense committed or a breach of the peace threatened in this presence; (2) when the person has committed a felony, though not in his presence; (3) when a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

It follows as a corollary that the officer cannot intercept, search and arrest persons upon the highway except in the manner prescribed by article 1, section 7; section 7296 et seq., Shannon's Code; and section 6997, Shan-

non's Code. A search and arrest otherwise made is unlawful.

In *Carroll et al.* v. *United States,* 45 S. Ct., 280, 69 L. Ed., —, decided by the United States supreme court March 2, 1925, construing the federal Prohibition Act it was held, that section 26, title 2 (U. S. Comp. St. Ann Supp., section 10138½mm), primarily enacted to accomplish the seizure and destruction of contraband, coupled with the provision which penalizes officers unlawfully entering private residences, clothed competent federal officers with power to search vehicles upon probable cause for believing they bear contraband. No statute in this State, either in express terms or by implication, confers such powers upon State officers.

Confronted with the duty to determine if the evidence obtained by officers by seizure was legally acquired and admissible, the practice was declared in *Goodwin* v. *State,* 148 Tenn., 687, 257 S. W., 80, to be:

"If objection is desired to be offered to evidence as incompetent because the result of an unlawful search, the objection should be made at the time the evidence is offered, and then disposed of by the trial judge in his discretion upon presentation before him, apart from the jury, of all pertinent facts. . . . This practice is by analogy supported by the rule approved in cases of dying declarations, admissibility of which is held to be a question for the court."

The trial judge is to determine whether the conditions exist under which the evidence may be admitted. *Smith* v. *State,* 9 Humph., 17.

The objection goes to the competency of the evidence, and raises a question to be determined by the judge upon the proof. *Brakefield* v. *State,* 1 Sneed, 217.

"The competency of a dying declaration is ordinarily a mixed question of law and fact. While this court, therefore, has power to review the action of the trial judge in such a matter, it being merely a question of the admissibility of evidence, we very seldom do so. Where the fact of the declarant's condition depends on the credibility of witnesses examined by the judge, great weight is to be attached to his conclusion. This court will not reverse, unless there is manifest error. Such is the rule in most appellate tribunals." *Dickason* v. *State,* 139 Tenn., 607, 202 S. W., 922.

A mixed question of law and fact is presented to the trial judge from which he must determine if the conditions exist under which the evidence may be admitted. Sound rules of judicial administration, of course, require that he shall control the preliminary inquiry, and circumscribe its scope, but enough evidence should be heard by him to show upon review, on appeal, that the evidence as a whole sustains his conclusion. This could not be done if he should limit the inquiry to the testimony of a single witness. In a preliminary inquiry to determine the admissibility of a dying declaration, after hearing the statement of a witness for the State that the declaration was made under a sense of impending death, the trial judge could not properly refuse to hear witnesses offered to show that the qualifying witness was in another county at the time he claimed to have heard the declaration, or to show that no declaration was

in fact made or, if made, that it was not made under a sense of impending death.

In the preliminary inquiry to determine whether an arrest and search was lawful, the trial judge could not properly conclude the inquiry after hearing one officer if other evidence was tendered to rebut the statement. The conclusion of the trial judge upon this question of law and fact must rest upon a hearing, not only on behalf of the State, but of the defense if the State's insistence can be combated by proof.

Upon the preliminary inquiry the sheriff only was permitted to testify. He stated that upon approaching defendant, who was coming toward him in a two-horse buggy, he observed from his position on the back seat of the car a bulk of something in the buggy covered by a rug, and beside it observed a reflection, under the light of the car, of a glass jar or bottle. The defendant asked permission to introduce W. F. Mears, who sat beside the sheriff in the car, and Ewing Bryant, who occupied the buggy with defendant, to show that no facts existed to authorize the arrest and search. The trial judge held the facts disclosed by the sheriff to sustain the State's insistence that the arrest was lawful, "as in cases of dying declarations without waiting for others who might contradict him." The sheriff and others who occupied the car were then permitted to testify that, as defendant passed, T. L. Harrell and W. F. Mears jumped from the car, stopped the buggy, and found the whisky.

We refrain from discussing the evidence, as the case must be tried again. At the conclusion of the State's proof the defendant moved that it be excluded because obtained illegally. The objection was overruled and the

evidence admitted. The trial judge should have heard the evidence offered by the defense upon the preliminary inquiry. If the objector offers evidence, it ought to be heard and the preliminary inquiry not confined to an *ex parte* statement if there is in fact a controversy. A review of all of the evidence indicates that there was a controversy as to whether or not the arrest was made in conformity with the Constitution and statutes which we have quoted.

It is insisted that the presentment is void because chapter 2, Acts of 1923, making transportation a felony, does not confer inquisitorial power on the ground jury. Section 7 of chapter 12, Acts of 1917, expressly confers this power upon the grand jury. Chapter 2, Acts of 1923, amends the act of 1917 by reading into it the provision that transportation of more that a gallon of intoxicating liquor constitutes a felony. The validity of the amendatory act was sustained in *Slaven* v. *State,* 149 Tenn., 40, 257 S. W., 90.

The third proposition arises out of the motion to quash the presentment because it joins the felony of transporting more than a gallon with the misdemeanor of transporting less than a gallon and the misdemeanor of possessing intoxicating liquor. In *State* v. *Freels,* 3 Humph., 230, the court held a count charging a felony could not be united with a count charging a misdemeanor. This conclusion rests upon the rule of the common law. 1 Chitty, Crim. Law, 255.

The reason for the rule arose from the fact that one charged with a felony at common law was denied certain privileges afforded upon indictment for a misdemeanor. One indicted for a misdemeanor could appear by counsel;

one charged with a felony was denied counsel. 2 Chitty, Bl. Com. Bk. 4, p. 286, note 22. Under article 1, section 9, of the Constitution, the accused is guaranteed the right of counsel.

Another reason assigned forbidding the joinder of felony and misdemeanor counts is that such joinder might embarrass the accused in the selection of a jury. By section 5225, Shannon's Code, upon the trial of felonies other than capital cases, the accused is allowed eight peremptory challenges, and upon trial for misdemeanor three peremptory challenges. If arraigned upon an indictment containing a felony and misdemeanor count, unless the State elects to proceed under the misdemeanor count, the accused would be entitled to the number of challenges assured him as if tried upon the felony count of the indictment.

"Under the common-law rule, where there can be no conviction for misdemeanor on an indictment for felony, counts for felony and misdemeanor should not be joined, but, where on an indictment for a felony a conviction for a misdemeanor is allowable, counts for felony and misdemeanor, growing out of the same transaction, and of the same general nature and course of trial, may be joined." 14 R. C. L., p. 197.

"In jurisdictions where the reasons for the rule no longer exist, as in jurisdictions where there can be a conviction of a misdemeanor upon an indictment for a felony, the rule has largely, if not entirely, disappeared, and there may be a joinder of a felony and a misdemeanor where they are cognate offenses, as where the charges relate to the same transaction, but not where the offenses are repugnant in their nature and the trial and judgment

so incongruous as to tend to deprive defendant of some legal advantage." 31 C. J., p. 786.

"It has long been settled in this state, in accord with authority, that different offenses, punished by different degrees of severity, differing only in degree, and belonging to the same class of crimes, may be united." *Lawless* v. *State*, 72 Tenn., (4 Lea), 176.

By section 7085 of Shannon's Code, on indictment admitting of different degrees the defendant may be convicted of any degree lower than that charged, and by section 7195, Shannon's Code, the jury may acquit of one degree and convict of an inferior degree necessarily included in the offense charged, whether it be a felony or a misdemeanor.

Where an offense grows out of the same transaction differing in degree only, an indictment for the higher would include the lower degrees, and it is made the duty of the trial judge to charge the jury defining all the included offenses.

Since under our laws the accused has the same rights when arraigned upon a misdemeanor and felony count, the reason for the common-law rule no longer exists which forbids joinder of misdemeanor and felony counts for the same offense differing in degree only.

In *State* v. *Covington*, 142 Tenn., 659, 222 S. W., 1, it was held that the indictment for one of the three offenses denounced by chapter 12 of the Acts of 1917 included the others, and after acquittal for one there could be no subsequent prosecution for the others.

It follows from what we have said that all of the defendant's assignments of error must be overruled, except the assignment which relates to the action of the

trial judge in refusing to hear evidence offered by the defense upon the preliminary inquiry as to whether or not the arrest and seizure by the sheriff was justified under the law.

For this error the cause is reversed and remanded for another trial.