## W. B. BOSTWICK *v.* THE STATE.

### (*Jackson,* April Term, 1926.)

Opinion filed, July 10, 1926.

1. CRIMINAL LAW. Crimes. Power of legislature to define.

The power of the legislature to define what acts shall constitute criminal offenses, and to determine the punishment for offenses, is unlimited so long as such statutes do not violate the constitution. (Post, p. 3.)

Acts cited and construed: Acts 1925, ch. 117; Acts 1917, ch. 21.

Citing: Constitution, Art. 2, sec. 17.

2. SAME. Motor driven vehicle. Driving while intoxicated.

The Acts of 1925, ch. 117, intended to protect the public from the consequences of drunken drivers of motor driven vehicles, is well within the police power of the State, although containing the several penalties provided in said Act. (Post, p. 3-4.)

Citing: Bradford v. State, 151 Tenn., 450; Kizer v. State, 140 Tenn., 582; House v. Creveling, 147 Tenn., 589; Davis v. Hailey, 143 Tenn., 247.

(1)

FROM SHELBY.

Appeal from the Criminal Court of Shelby County.—
HON. T. W. HARSH, Judge.

L. H. GRAVES, for appellant.

FERRISS C. BAILEY, Assistant Attorney-General, for the
State.

MR. JUSTICE COOK delivered the opinion of the Court.

Bostwick was indicted on two counts: (1) For unlaw-
fully driving an automobile on a public highway while
under the influence of an intoxicant, in violation of chap-
ter 117, Acts of 1925. (2) For unlawfully driving on
the streets of Memphis while partly in an intoxicated
condition, in violation of chapter 21, Acts of 1917.

Motion to quash both counts of the indictment was
made. The motion was sustained as to the second count
charging a violation of the act of 1917, and was overruled
as to the count grounded on the act of 1925. Upon ar-
raignment for trial on the count charging a violation of
the act of 1925, the jury found and reported a verdict of
guilty as charged in the first count, and judgment was
entered in the terms of the statute, which is as follows:
"An act to prohibit the driving of an automobile by any
person under the influence of an intoxicant and to pun-
ish such persons.

"Section 1. Be it enacted by the General Assembly
of the State of Tennessee, that any person who is under

the influence of an intoxicant who shall be found guilty of driving an automobile or other motor driven vehicle on the public highways, of the State of Tennessee shall be imprisoned in the county workhouse for not less than thirty days nor more than six months, and that such person shall be prohibited from driving such vehicles in Tennessee for a period of one year, and if found guilty of doing so shall be imprisoned in the county workhouse for a period of not less than four nor more than eleven months.''

It is urged that the trial judge erred in refusing to quash the first count of the indictment because chapter 117, Acts of 1925, upon which it is predicated, violates article 2, section 17, of the constitution, and because the act does not define an intoxicant.

The act provides punishment (1) by imprisonment from thirty days to six months for driving an automobile while intoxicated; (2) by depriving the person convicted of the right to drive an automobile for a year after conviction; (3) and, for violating the prohibition, prescribes additional punishment by imprisonment from five to twelve months.

The power of the legislature to define what acts shall constitute criminal offenses, and to determine the punishment for offenses, is unlimited so long as such statutes do not violate the Constitution.

A statute intended to protect the public from the consequences of drunken automobile drivers on the public highways is well within the police power. The legislature can prohibit the use of automobiles on highways by drunken persons, and may enforce the prohibition by fine, by imprisonment, or by depriving persons who vio-

late the act of the right to drive for a given period. One or all of these penalties could be imposed in one act. The power to enact such laws for the protection of the public and their sound public policy cannot be questioned.

In *Bradford* v. *State,* 151 Tenn., 450, 269 S. W., 921, it was contended that chapter 12, Acts 1917, amended by chapter 2, Acts 1923, created both a felony and a misdemeanor, and that such legislation embraced two subjects in a single act, in violation of article 2, section 17, of the constitution. The court said:

"We think that the argument made for the plaintiff in error must be rejected when tested by previous decisions of this court.

"In *Kizer* v. *State,* 140 Tenn., 582, 205 S. W., 423, the real subject of chapter 12 of the Acts of 1917 was stated by construction to be 'an act to make more effective the prohibition laws of the State,' and it was said that this subject was sufficiently indicated in the title of said act.

. . .

"We cannot agree to the insistence that a penal act may create only one offense. Under the authorities reviewed in *House* v. *Creveling,* 147 Tenn., 589, 250 S. W., 357, we think a single act might establish a complete Criminal Code, if it was suitably entitled.

"No reason occurs to us why a misdemeanor and a felony might not be established in a single act, if the caption of the act was broad enough. In *Davis* v. *Hailey,* 113 [143] Tenn., 247, 227 S. W., 1021, there was an exertion of the police power and of the taxing power of the State toward the regulation of the business of real estate agents. It was urged there that a combination of

two such matters in a single act was offensive to the constitution, but the court said:

"'So far as section 17, article 2, is concerned, if the various provisions of an act are directed towards a common purpose, and that purpose is expressed in the title, it would make no difference if the several provisions of the act involved all powers of the legislature. This section of the constitution regulates the syntax of statutes. It imposes no restriction upon the powers exerted, nor upon the commingling of such powers, so long as the provisions of the statute are not incongruous and are germane to the subject expressed in the caption.'

"The real purpose of this legislation, as held in *Kizer* v. *State,* supra, being to make more effective the prohibition laws of the State, we think there is no incongruity in denouncing one offense as a misdemeanor and another as a felony, according to the gravity of each offense as viewed by the legislature. Unity of purpose is not thereby destroyed."

It is the conclusion of the court that chapter 117, Acts of 1925, does not violate article 2, section 17, of the constitution, because the object expressed in the title is to prohibit the driving of automobiles by persons who are intoxicated by inflicting punishment, and that the body of the act which provides punishment is a logical sequence of the purpose expressed in the title.

Bostwick was convicted upon the testimony of witnesses who observed his conduct, and their description of his actions indicates a drunken man. The act relates to intoxicants used as a beverage in such manner as to deprive them of their sense of discretion, and render them, in combination with an automobile on the highway,

extremely dangerous agencies to the life and limb of others.

The evidence sustains the verdict, and the judgment of the trial court is affirmed.