Smith **BARNES**, Plaintiff,

v.

Claude A. **ARMOUR** et al., Defendants.

No. CIV-2-74-141.

United States District Court, E. D. Tennessee, Northeastern Division.

Dec. 13, 1974.

---

---

Jerry S. Jones, Johnson City, Tenn., for plaintiff.

John F. Dugger, Morristown, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil rights action by the plaintiff to recover damages, 28 U.S.C. § 1343(4), for the defendants' alleged causing, under the color of Tennessee law, him, a citizen of the United States, to be subjected to the deprivation of due process and the equal protection of law, Constitution, Fourteenth Amendment. 42 U.S.C. § 1983. The defendant Mr. Claude A. Armour is the commissioner, and the defendant Mr. James L. Sloan was the supervisor of the financial responsibility section, of the Ten-

nessee Department of Safety. The defendant Mr. Herbert Collins is the clerk of the Circuit Court of Hamblen County, Tennessee.

In his amended complaint, the plaintiff Mr. Smith Barnes claims basically that he was arrested for driving a motor vehicle under the influence of an intoxicant; that such charge was dismissed subsequently by a court of competent jurisdiction after he had pleaded guilty to a charge of reckless driving; that he was ordered to surrender his motor vehicle operator's license to the Department of Safety, upon its notification to him that such license had been suspended because he had driven a motor vehicle while intoxicated; that, because so to do would have infringed his rights to due process and equal protection of the law, he refused to surrender such license; that, when such license expired, he was threatened with denial of a renewal thereof for a three-year period, because the applicable statute of Tennessee required him to offer proof of his financial responsibility; and that he eventually provided such proof and his license was renewed. He claims that the defendants Messrs. Armour and Sloan infringed his federal constitutional rights to due process and the equal protection of the law, by not affording him a hearing; that the defendant Mr. Armour was negligent in failing to advise him that, if he would prove his financial responsibility, his operator's license would not be suspended; and that the defendant Mr. Collins was negligent, in failing to notify the Department of Safety that he had not been convicted of driving a motor vehicle while under the influence of an intoxicant.

The defendant Mr. Collins moved for a dismissal of the complaint for failure to state a claim against him on which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, in that, *inter alia*, Mr. Collins is not alleged to have deprived Mr. Barnes of a federally-protected constitutional right.

There is merit to this contention. The only claim advanced against Mr. Collins by Mr. Barnes is that such defendant was negligent in this isolated instance in depriving Mr. Barnes of his constitutional right. The most readily cognizable constitutional infringement under the conduct of Mr. Collins challenged in the complaint would be a denial of equal protection.

 This Court is of the opinion that the alleged negligence of Mr. Collins, in failing to notify the Department of Safety that Mr. Barnes had not been convicted of driving a motor vehicle while under the influence of an intoxicant, an offense for which Mr. Barnes had admittedly been arrested, constituted no denial of equal protection cognizable under 42 U.S.C. § 1983. In order to be actionable thereunder as a denial of equal protection, more than an isolated incident of negligent failure to afford a citizen his constitutional rights must be alleged. Puckett v. Cox, C.A.6th (1972), 456 F.2d 233, 235[2], citing and quoting with approval, Williams v. Field, C.A. 9th (1969), 416 F.2d 483, 485[1], [2]. The complaint herein hereby is dismissed as to the defendant Mr. Herbert Collins for failure to state a claim against him on which relief can be granted.

 The defendant Mr. Armour also moved for a dismissal of the original complaint for failure to state a justiciable claim. Although the complaint has been amended since the interposition of such motion, the plaintiff continues to allege that Mr. Armour was negligent in the isolated instance mentioned. For the reasons heretofore assigned, the complaint of the plaintiff hereby is dismissed as to the defendant Mr. Armour, in so far as it seeks to predicate his liability upon an isolated incident of negligence.

There remain the issues of whether the defendants Messrs. Armour and Sloan denied Mr. Barnes due process of law and whether Mr. Sloan denied him equal protection of the laws. Mr. Sloan

moved for a summary judgment. Rule 56(b), Federal Rules of Civil Procedure.

The Tennessee Department of Safety is authorized by law " * * * to suspend the license of an operator [of a motor vehicle] * * * " without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee:

"1. Has committed an offense for which mandatory revocation is required upon conviction * * * ". T.C.A. § 59–713(a). Such department " * * * shall forthwith revoke the license of any [such] operator * * * upon receiving a record of such operator's * * * conviction of any of the following offenses, when such conviction has become final: * * * "

"2. Driving a motor vehicle while under the influence of an intoxicant * * * ". T.C.A. § 59–712(a). It is further provided:

* * * Upon suspending the license of any person as hereinbefore in this section [T.C.A. § 59–713] authorized the department [of safety] shall immediately notify the licensee in writing *and upon his request* shall afford him an opportunity of a hearing as early as practicable within not to exceed twenty (20) days *after receipt of such request* in the county where the licensee resides unless the department and the licensee agree that such hearing may be held in some other county. *Upon such hearing* the chief [of the highway patrol, see T.C.A. § 59–702] or his duly authorized agent may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relevant books and papers and may require a reexamination of the licensee. *Upon such hearing* the department shall either rescind its order of suspension or, good cause appearing therefor, may extend the suspension of such license or revoke such license. The chief, or such agent conducting the hearing, shall preserve a summary of the witnesses appearing before him; and shall make a written finding of facts upon such testimony, which finding shall be final, and not subject to revocation for illegality or acts in excess of the division's [sic: department's ·(?)] authority. [Emphases supplied.]

T.C.A. § 59–713(b).

The plaintiff admitted in his complaint that he was notified under date of December 29, 1972 of the suspension of his operator's license for a period of five months and 29 days by the Tennessee Department of Safety. He does not claim that he requested that he be afforded an opportunity for a hearing, at which the department's order of suspension could have been rescinded. It is provided further that the Tennessee Department of Safety: " * * * Upon suspending * * * a license shall require that such license be surrendered to and be retained by the department except as provided in the following paragraph of this subsection (d). * * * " T.C.A. § 59–713(d). This following paragraph, in pertinent part, follows:

* * * [U]pon arrest of a person for driving a vehicle under the influence of intoxicating liquor * * *, the driver's license of said person shall be taken from him by the officers arresting said person and deposited with the clerk of the circuit or criminal court in the county where said person is arrested, to be held by the clerk of said court pending the trial of the arrested party for said offense * * *. Upon receipt of the license from the arresting officer, the clerk shall immediately notify the department of safety of his receipt of the said license and the reason therefor. Upon the trial of the arrested person for the offense of driving while under the influence of intoxicating liquor * *, if he or she should be acquitted of said offense, the clerk shall immediately turn the license back to the owner and notify the department of the action of the court, but if the owner

shall be convicted, the clerk shall immediately forward the license to the department of safety to be retained by it for some period not exceeding one (1) year. * * *

*Idem.* The plaintiff alleged that he was ordered to return his operator's license to the Tennessee Department of Safety simultaneously with its notification to him that his license had been suspended for a period. It is thus inferable that such license was not taken from him by the arresting officers and deposited with the clerk of the Circuit Court of Hamblen County, Tennessee, as required by T.C.A. § 59–713(d), so that the provisions of the " * * * following paragraph * * * " of that subsection were inapplicable.*

 " * * * The legislature can prohibit the use of automobiles on the highways by drunken persons, and may enforce the prohibition by * * * depriving persons who violate the act of the right to drive for a given period. * * * The power to enact such laws for the protection of the public and their sound public policy cannot be questioned. * * * " Bostwick v. State (1926), 154 Tenn. 1, 3–4[2], 285 S.W. 49, 50. The Tennessee Supreme Court afterward stated:

> \* \* \* \* \* \*
>
> In many states including Tennessee the statutory procedure has been established whereby a motorist who has been convicted or adjudged guilty of * * * driving under the influence of an intoxicant * * * may have his driver's license suspended * * * for a period of time by a designated State official, in this State the Department of Safety. The reason for such a suspension * * * is not to punish the driver but is to protect the general public by removing a potential menace from the highways.
>
> \* \* \* These statutes regulating the granting of licenses to drivers of automobiles is * * * placed by the Legislature under the Department of Safety. This Department has the duty, right and privilege to grant licenses to those who drive within this State. Under the statutes which give them [sic] the right to grant licenses, it [sic] also gives them [sic] the right for the * * * suspension of the license. The revocation of the grant to operate a motor vehicle upon the highways deprives the holder of no guaranteed civil right. Of course, the right to grant is a valuable one and yet it is no more or less than a right granted by the State and its use and enjoyment depends always, and it should, upon the compliance by the holder of said license with conditions prescribed in granting such a license. Among the other conditions contained in the statute, it is said if the operator of a motor vehicle operates it while under the influence of an intoxicant the Department may revoke the license * * *. This * * * revocation * * * is for the general safety of the people of the State. * * *

Goats v. State (1962), 211 Tenn. 249, 252–253[1–5], 364 S.W.2d 889, 891. " * * * The licensee's right of review, as provided by law, is his sufficient protection that suspension * * * powers will be reasonably and fairly administered. * * * (Footnote references omitted.) 7 Am.Jur.2d 676, Automobiles and Highway Traffic, § 110. The review provided by T.C.A. § 59–713(b) satisfies constitutional require-

---

* In his affidavit accompanying his motion for a summary judgment herein, the defendant Mr. Sloan stated the practice of his department to send a person a notice of suspension of his operator's license when that department " * * * receives notification from a [c]ircuit [c]lerk that such [c]lerk is in receipt of the operator's license of an individual charged with driving while intoxicated * * * ". He neglected to state whether his department received notification from his codefendant Mr. Collins that Mr. Collins was in receipt of Mr. Barnes' operator's license, and that Mr. Barnes had been charged with driving a motor vehicle under the influence of an intoxicant. As Mr. Barnes' license was mnot taken-up by the arresting officer(s), it is inferred reasonably that such was not the fact.

ments of due process. *Cf.* Anderson v. Commissioner of Highways (1964), 267 Minn. 308, 126 N.W.2d 778, 9 A.L.R.3d 746, 755[10], where by statute review was by a district court.

" * * * Under some statutes [such as that of Tennessee] providing for the suspension * * * of a driver's license, no notice or hearing is necessary, and the validity of such statutes has been sustained as against various constitutional objections. Since a license to operate a motor vehicle is in no sense a contract or property right, but merely a privilege, the suspension * * * of such license without notice or a hearing does not deprive the licensee of his property without due process of law, so long as the licensee is given the right of * * * review of the suspension * * *. Where the ground for the suspension * * * of a driver's license is the conviction of the licensee of certain offenses, the statutes frequently do not require a notice of hearing before the suspension * * * may become effective. * * *" (Footnote references omitted.) 7 Am. Jur.2d 683, Automobiles and Highway Traffic, § 121, citing, *inter alia*, Anno.— Driver's License—Revocation, 10 A.L.R. 2d 839, § 4, 842, § 6. Further: * * * Some statutes [such as that of Tennessee] provide for the temporary suspension of drivers' licenses without notice, pending a prosecution * * * or hearing, and the validity of such temporary suspension has been upheld, even though it partakes of the nature of punishment in advance of a trial. * * *" (Footnote references omitted.) 7 Am.Jur.2d at 684, *supra.*

■ Although under the plaintiff's allegations, he has not been convicted finally of drunken driving and his driver's license was suspended contrary to the applicable statute, due process of law was available to him to protect himself against such wrongful acts being continued. He was not denied due process of law by any defendant; he denied it to himself by not causing the review procedure provided by law to become operative. Accordingly, Mr. Barnes failed to state a claim of deprivation of his right to due process of law by the defendants Messrs. Armour and Sloan, and the plaintiff's complaint in that particular hereby is dismissed for such reason.

Mr. Barnes asserts finally that the revocation of his license by the defendant Mr. Sloan was " * * * arbitrary and capricious. * * *" These conclusory terms have been defined by the Supreme Court:

" 'Arbitrary' is defined by Funk & Wagnalls New Standard Dictionary of the English Language (1944), as '1. . . ; without adequate determining principle; . . .' and by Webster's New International Dictionary, 2d Ed. (1945), as '2. Fixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances, or significance, . . . decisive but unreasoned; . . . .' "

" 'Capricious' is defined by Webster's New International Dictionary, 2d Ed. (1945), as '2. . . . ; apt to change suddenly; freakish; whimsical; humorsome.' * * *" United States v. Carmack (1946), 329 U.S. 230, 243, 67 S.Ct. 252, 258, 91 L.Ed. 209, 218, n. 14.

■ These definitions suggest that, if a deprivation of constitutional rights is thereby alleged by the plaintiff, they too fall into the category of denial of equal protection of the law. The defendant Mr. Sloan has shown by affidavit that he has evidence to offer on the trial which would render such charges insubstantial, and the plaintiff offered no countervailing affidavit. See Rule 56 (e), Federal Rules of Civil Procedure. Mr. Sloan stated in his affidavit that in the pertinent period, he supervised the administration of operator's license suspensions for the Tennessee Department of Safety; that such suspensions are handled routinely with the aid of a computer; and that he neither reads, signs nor reviews the resulting printout. Despite reports of colossal errors produced by computers, this Court can discern no situation more devoid of the exercise of human will or whimsy than one

**1246**

involving the routine accomplishment of clerical functions by a computer.

It thus apearing from the pleadings and affidavit on file that there is no genuine issue of material fact between the plaintiff and the defendant Mr. Sloan as to whether the latter's conduct involving Mr. Barnes was arbitrary or capricious, Mr. Sloan is entitled to a judgment on this matter as a matter of law. Summary judgment will issue for the defendant Mr. James L. Sloan, Jr. and against the plaintiff Mr. Smith Barnes on such issue. Rule 56(c), Federal Rules of Civil Procedure.

Because of the length of this opinion and order, it perhaps should be stated in summary that all claims by the plaintiff that any of the defendants caused him, a citizen of the United States, to be subjected under color of Tennessee law to the deprivation of due process of law have been dismissed for the failure of the plaintiff to state a claim under 42 U.S.C. § 1983 on which relief can be granted, and that the defendant Mr. Sloan has been awarded summary judgment on the plaintiff's claim that he denied Mr. Barnes the equal protection of the law.