Edward H. TAYLOR, Plaintiff,

v.

Robert GRINDSTAFF et al., Defendants.

No. CIV–2–78–54.

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 8, 1978.

---

Edward H. Taylor, pro se.

William M. Leech, Jr., Atty. Gen. of Tenn., Nashville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a *pro se* action by the plaintiff Mr. Edward H. Taylor, an inmate of a Tennessee penitentiary, for monetary damages upon his claim that the defendants Mr. Robert Grindstaff, the circuit court clerk of Johnson County, Tennessee, and Ms. Barbara Tester, his deputy, deprived the plaintiff, a citizen of the United States, under color of Tennessee law, directly and conspiratorily of rights and privileges secured to him by the federal Constitution, First, Sixth and Fourteenth Amendments. 42 U.S.C. §§ 1983, 1985(3). The Court's jurisdiction is invoked under the provisions of 28 U.S.C. §§ 1343(3), (4).

The specific claim of Mr. Taylor is that each defendant, directly and in conspiracy with another and unnamed person, negligently failed to file and serve legal process on defending parties in connection with Mr. Taylor's application to the Criminal Court of Johnson County, Tennessee for post-conviction relief, thereby depriving him of the assistance of counsel, the equal protection of the law, and the due process of law in relation thereto, to his damage. This fails to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

In order to be actionable under the provisions of 42 U.S.C. § 1983 as a denial of equal protection, more than such an isolated incident of negligent failure to afford a citizen his constitutional rights must have been involved. *Barnes v. Armour*, D.C. Tenn. (1974), 392 F.Supp. 1240, 1242[2]. The plaintiff's alleged deprivation of the assistance of counsel and the due process of law are but mere redundant consequences of his equal protection claim and would relate if at all, to the issue of any resulting damages from any equal protection violation.

Two elements are requisite for recovery under the Federal Civil Rights Act, *i. e.*, conduct under color of state law by the person(s) whose conduct is complained of, and the subjection of the plaintiff by such conduct to the deprivation of rights, privileges and immunities secured to him by the federal Constitution and laws. *Basista v. Weir*, C.A.3d (1965), 340 F.2d 74, 79[3]. Where, as here, either of these elements is absent, it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim, and the plaintiff's claim may safely be dismissed at the pleading stage. *Cf. Griffin v. Abbott*, D.C.Tenn. (1975), 68 F.R.D. 241, 243[7].

Accordingly, this Court hereby *sua sponte* DISMISSES the plaintiff's action as failing to state a claim on which relief can be granted. Rule 12(b)(6), *supra*. Should the plaintiff give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed on any such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.