## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## EASTERN DIVISION

---

### VIRGIL HOOD *v.* THE STATE.*

#### (*Knoxville.* September Term, 1923.)

CRIMINAL LAW. Where defendant furnished competent evidence of his guilt, no reversal because of evidence obtained by unlawful search.

Even if the search of defendant, whereby evidence of his transporting whisky was obtained, was unlawful, it will not work a reversal; he having taken the stand and admitted that he had whisky in his pocket at the time of his arrest, thus furnishing competent evidence of his guilt.

Case cited and approved: Lowry v. State, 254 S. W., —.

---

#### FROM ANDERSON.

---

Appeal from the Circuit Court of Anderson County.— HON. J. H. S. MORISON, Judge.

J. H. UNDERWOOD, for Hood.

---

*On transportation of concealed liquor as an offense within presence of officer authorizing arrest without a warrant, see note in 20 A. L. R., 652.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE. CHAMBLISS delivered the opinion of the Court.

This was a conviction for transporting whisky, and, while the possession and transportation at least for some short distance along the public road is not seriously disputed, it is insisted that the evidence was obtained by an unwarranted and unlawful search of the person of the defendant below on the part of the arresting and prosecuting officers. The facts are close, but it appears that the officers acted upon certain suspicious circumstances, and the conduct of the defendant and his companions, including the fact that they came out of a location in which bootlegging was known to have been conducted, and the further fact of more or less disorderly conduct and language used in the presence and hearing of the officers.

However, it appears that the defendant took the stand and admitted that he had in his pocket at the time of his arrest "part of a pint of liquor" which had been given him shortly before by one of his companions.

In a case appealed from Shelby county and decided orally by Justice HALL (*Posie Lowry* v. *State,* 254 S. W., —), wherein it appears that the defendant was unlawfully searched by a policeman and a pistol found in his pocket, this court held that, while the action of the officers in making the search was unlawful, the defendant having taken the stand and admitted his guilt, thus furnishing competent evidence thereof, the conviction was thereby sustained.

Following that authority, this case is affirmed.