J. L. FRIX *v.* THE STATE.*

(*Knoxville.* September Term, 1923.)

1. **INTOXICATING LIQUORS.** Proviso in amendatory act held to limit the amendment and not the orignal act; "this act."

 Public Acts 1923, chapter 14, amending Acts 1909, chapter 10, prohibiting the manufacture of intoxicating liquor, by striking out the words "for the purpose of sale," with a proviso that "this act shall apply only to the manufacture or attempt to manufacture whisky or brandy," amends the act of 1909 only so far as it applies to whisky or brandy, and does not except liquor other than whisky or brandy from the operation of the act of 1909; "this act" meaning the amendatory act. (*Post, pp.* 477-480.)

 Acts, cited and construed: Acts 1923, ch. 14; Acts 1909, ch. 10.

2. **STATUTES.** Effect of proviso in amendatory statute to be limited to that statute.

 Unless a contrary intent appears, the effect of a proviso in an amendatory statute should be limited in its application to the statute in which it is found, and not extended to the original statute of which the statute containing the proviso is an amendment. (*Post, pp.* 480, 481.)

3. **STATUTES.** Body of amendatory act held not broader than caption thereof.

 Public Acts 1923, chapter 14, amending Acts 1909, chapter 10, making attempt to manufacture liquor unlawful, *held* not broader than caption, because of the provision of section 2 that the offense of

---

*On admissibility in evidence against defendant of documents or articles taken from him, see notes in 59 L. R. A., 467; 8 L. R. A. (N. S.), 762; 34 L. R. A. (N. S.), 58; L. R. A., 1915B, 834 and L R. A., 1916E, 715.

On question of admissibility of evidence obtained by illegal search and seizure, see note in 24 A. L. R., 703.

Frix v. State.

attempting to· manufacture liquor shall include the assembling of necessary apparatus for the manufacture of liquor, etc. (*Post, p.* 481.)

4. **CRIMINAL LAW.**—Section of amendatory act relating to manufacture of liquor held not ambiguous or inconsistent.

Public Acts 1923, chapter 14, which amends Acts 1909, chapter 10, relative to attempts to manufacture intoxicating liquor, and provides· that the offense shall be deemed to have been committed by a person assembling the necessary apparatus or doing any act preparatory to such manufacture, merely defines the acts made ·unlawful and is not ambiguous and inconsistent as declaring that an attempt shall constitute manufacture, (*Post, pp.* 481, 482.)

5. **CRIMINAL LAW.** General objection to evidence in part competent is insufficient.

A general objection to evidence, a part of which is competent, cannot be sustained, as it is not incumbent upon the court to sustain the objection in part and overrule it in part. (*Post, pp.* 482, 483.)

6. **CRIMINAL LAW.** Failure to exclude evidence found before permission to search held not error; objection being general.

Where to all of the testimony of police officers as to what evidence they found on accused's premises before and after accused gave them permission to search accused made only a general objection, it was not error to fail to exclude evidence of beer found before accused gave permission to search, as accused's objection was not sufficient. (*Post, pp.* 482, 483.)

7. **CRIMINAL LAW.** Admission of evidence of beer found before permission to search, if error, held harmless.

Assuming it was error for the trial court to permit officers to testify as to beer found on accused's premises, before he gave them permission to search. such error was harmless where, if that testimony had been excluded, the result would have been the same, in view of the evidence found after permission to search was given. (*Post, pp.* 482, 483.)

8. **INTOXICATING LIQUORS.** Accused held to have waived right to require officers to obtain search warrant.

Where accused without coercion permitted police officers without a warrant to search his premises for intoxicating liquors, after they had informed him that unless permission was given they would be compelled to go back to town and procure a search warrant, he waived the right to require the officers to obtain the warrant before searching. (*Post, pp.* 483, 484.)

Case cited and approved: Hampton v. State, 252 S. W., 1008.

FROM BRADLEY.

Error to the Circuit Court of Bradley County.—HON. S. C. BROWN, Judge.

GEO. E. WESTERBERG, for Frix.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE HALL delivered the opinion of the Court.

This is an appeal by the defendant below (plaintiff in error here), who will hereinafter be referred to as defendant, from a judgment rendered by the circuit court of Bradley county at its May term, 1923, upon a conviction for unlawfully manufacturing and attempting to manufacture whisky. The judgment below provided that defendant should pay a fine of $400, the amount assessed by the jury, and undergo confinement in the county workhouse for a period of four months.

The first assignment of error is that the trial court erred in overruling defendant's motion to quash the indictment upon the several grounds set out in said motion.

In the brief filed in support of this assignment of error, only two questions are presented:

First, is Acts 1923, chapter 14, which attempts to amend chapter 10, Acts of 1909, prohibiting the manufacture of intoxicating liquor, unconstitutional; and, second, is the indictment insufficient, in that it charges the maufacture "or" an attempt to manufacture; defendant insisting that the use of the alternative in this connection renders the indictment bad for uncertainty?

The latter question is raised by the third ground of the motion to quash, which is as follows:

"Because the indictment charges an alleged offense in the alterative, viz.: The manufacture or attempt to manufacture intoxicating liquors, to-wit, whisky."

This ground of the motion to quash was manifestly predicated upon a misunderstanding of the language used in the indictment. The indictment does not charge that the defendant manufactured or attempted to manufacture, but charges that defendant "unlawfully did attempt to manufacture and did manufacture intoxicating liquors, to-wit, whisky or brandy."

The criticism of the indictment which is made in the motion to quash is therefore refuted by the language of the indictment itself.

It is next contended by defendant that Acts 1923, chapter 14, which purports to amend chapter 10 of the Acts of 1909, creates such an irreconcilable conflict between its provisions and the provisions of the original act that the original act is rendered void and unenforceable.

In the brief, in support of this assignment of error, defendant undertakes to interline the original act of 1909 with the language of the amendatory act of 1923, which does render the provisions of the two acts repugnant and ambiguous.

The State insists that the proper method of construing and applying the amendment of 1923 is not to undertake to transfer bodily the language of the amendatory act and insert it in the original act, but to consider the meaning, intent, and effect of the original act as changed and modified by the intent, meaning, and effect of the amendatory act.

The caption of Acts 1909, chapter 10, is as follows:

"An act to prohibit the manufacture in this State of intoxicating liquors for the purpose of sale."

Section 1 of said act makes it unlawful to manufacture for the purpose of sale any intoxicating liquor, including vinous, spirituous, and malt liquors, with an exception in favor of alcohol of not less than 188 proof when manufactured for chemical and other scientific purposes.

The caption of Acts 1923, chapter 14, is as follows:

"An act to amend chapter 10 of the Acts of 1909, entitled 'An act to prohibit the manufacture in this State of intoxicating liquors for the purpose of sale,' so as to strike out the words 'for the purpose of sale' from both caption and body of said act; and so as to make it a misdemeanor to attempt to manufacture intoxicating liquor; 'Provided this act shall apply only to the manufacture or attempt to manufacture whisky and brandy.'"

The body of the act reads as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that chapter 10 of the Acts of 1909, entitled 'An act to prohibit the manufacture in this State of intoxicating liquors for the purpose of sale,' be and the same is hereby amended so as to strike out the words 'for the purpose of sale,' from both the caption and body of said act, wherever they may appear therein. 'Provided

this act shall apply only to the manufacture or attempt to manufacture whisky and brandy.'

"Sec. 2. Be it further enacted, that the offense described in section 1 of this act shall be deemed to have been committed by any person who shall attempt to manufacture intoxicating liquor in this State, either by assembling the necessary apparatus for the purpose of manufacturing intoxicating liquor, or by doing any act preparatory to such manufacture; and any such attempt shall be punished as described in section 1 hereof.

"Sec. 3. Be it further enacted, that this statute shall take effect from and after its passage, the public welfare requiring it."

It appears from the journals of the two houses that when the bill, which became the act of 1923, was introduced in the legislature, the proviso at the end of the caption and at the end of the first section was not included, but was adopted by the Senate and House upon the report of a conference committee recommending its adoption.

It is the contention of the defendant that the proviso had the effect of excepting from the operation of the original act of 1909 the manufacture of intoxicating liquor other than whisky and brandy.

While this point is not material in the case at bar, since defendant was charged with the manufacture of whisky and brandy, the construction contended for by the defendant of the proviso to the amendment is not warranted.

The caption of the amendatory act makes it clear that the original act was to be amended only so as to strike out the words "for the purpose of sale" from the original act, and so as to make it a misdemeanor to attempt to manufacture intoxicating liquor. After expressing this

purpose, the caption contains the proviso: "Provided this act shall apply only to the manufacture or attempt to manufacture whisky and brandy." The words "this act" in the proviso clearly mean and include the amendatory act. The proviso is not preceded by the introductory phrase "so as," as in the case of the two preceding phrases defining and stating the changes intended to be made in the original act.

The effect of the proviso is simply to amend the original act, in so far as that act applies to the manufacture of whisky and brandy, so as to make it unlawful to manufacture those designated species of intoxicating liquor whether for the purpose of sale or otherwise; and to make it unlawful to attempt to manufacture those particular species of intoxicating liquors.

Mr. Sutherland, in his work on Statutory Construction, vol. 2, section 352, says:

"The natural and appropriate office of the proviso being to restrain or qualify some preceding matter, it should be confined to what precedes it unless it clearly appears to have been intended to apply to some other matter. It is to be construed in connection with the section of which it forms a part, and it is substantially an exception. If it be a proviso to a particular section, it does not apply to others unless plainly intended. It should be construed with reference to the immediately preceding parts of the clause to which it is attached. In other words, the proviso will be so restricted in the absence of anything in its terms, or the subject it deals with, evincing an intention to give it a broader effect."

The rule of construction being that a proviso must be limited to its application in the particular section of the

statute in which it is found, unless a contrary intent clearly appears, certainly it should be held that the effect of a proviso in an amendatory statute should be limited in its application to the statute in which it is found, and not extended to the original statute of which the statute containing the proviso is an amendment.

Defendant also attacks the provisions of the second section of the act of 1923, which provides that the "assembling the necessary apparatus for the purpose of manufacturing intoxicating liquor" constitutes an attempt to manufacture intoxicating liquor.

It is first insisted that this provision is not in the caption, and that therefore the body of the act is broader than the caption.

The caption specified one of the purposes of the act to be an amendment of the original act of 1909, making it unlawful "to attempt to manufacture intoxicating liquor." Certainly the assembling of apparatus for the manufacture of liquor is one of the steps necessary or incident to the manufacture, and the body of the act does nothing more than to specify such act as included in the legislative prohibition of an attempt to manufacture. There is therefore no merit in this criticism of the act.

It is next insisted by the defendant that section 2 of the amendatory act is "ambiguous and inconsistent" because it is so framed as to be a legislative declaration that the offense of manufacturing intoxicating liquor, as defined in the act of 1909, shall be deemed to have been committed by any person who shall attempt to manufacture intoxicating liquor.

This declaration of the legislature is nothing more than an expression or definition of the acts made unlawful, and

the legislative intent clearly appears as prohibiting the taking of any steps preparatory to the manufacture of intoxicating liquor, and making such action punishable as a misdemeanor.

It results, therefore, that the amendatory act must be held valid and free from constitutional objection.

The remaining assignments of error go to the question of whether or not defendant was convicted upon evidence obtained by local officers without a search warrant, and in violation of defendant's constitutional right to be free from unreasonable searches and seizures.

Defendant did not testify, nor did he introduce any evidence in his own behalf. The evidence offered by the State was to the effect that three officers went to the home of defendant, and, before making their presence known, saw through an open door of an outhouse at the rear of his residence some barrels of "beer." Defendant was then summoned to the door of his residence by a knock of the officers and was put under arrest. It is then shown, without contradiction, that Officer Brown asked defendant whether they would be required to go back to town and obtain a search warrant in order to search his premises, or whether he would be willing for them to search his premises without such a warrant. To this inquiry defendant replied: "Mr. Brown, you are welcome to go anywhere on my place you want to and search. Go to it."

Acting on this permission, the officers searched the premises and found a complete still for the manufacture of whisky in defendant's barn, also a sack of malted corn, and two gallons of "backings," which the record shows was whisky that had been doubled through a still. The

officers testified that the beer which they found in the outhouse was still warm, and that they found a furnace in the same building which bore evidence of having been operated the night before.

At several places in the record the defendant is shown to have objected to this evidence and made motions to have it excluded from the jury, but at no time did defendant move to have the court exclude the testimony as to what the officers saw through the open door of the outhouse before they were given permission by defendant to make a search of the premises. Each motion was directed at the entire testimony of the officers, including their testimony as to the result of the search made after defendant's permission was obtained, as hereinbefore set out.

Defendant contends that at least the trial court should have excluded the testimony as to the finding of the "beer" before defendant gave his permission for the search.

It is a sufficient reply to this contention that no objection was made to this evidence alone. It is well settled that a general objection to evidence, a part of which is competent, cannot be sustained, and it is not incumbent upon the court to sustain the objection in part and overrule it in part. Furthermore, it appears that, if the testimony of the officers as to what they saw before the permission of defendant was obtained had been excluded, the result of the trial would have been the same, since the real and incriminating evidence was obtained after defendant gave his permission to the search.

Defendant relies upon the language used by this court in the case of *Hampton v. State*, 252 S. W., 1008, to the effect that the security of an individual against search is not waived by an agreement to the search when the

owner is confronted by an officer with a search warrant, on the ground that the officers in that case, confronting the defendant with a search warrant, declared their purpose to search without permission.

The facts in the instant case are not at all analogous to the facts in the Hampton Case. Here, instead of announcing their intention to search whether permission was given or not, the officers informed defendant that unless permission was given they would be compelled to go back to town and procure a search warrant. There was no coercion about the defendant's subsequent agreement and consent that the search be made without a warrant. He therefore waived his right to require that the officers obtain a search warrant before searching his premises.

There is no error in the judgment of the court below, and it is affirmed, with costs.