WALTER GOODWIN *v.* THE STATE.*

(*Nashville.*   December Term, 1923.)

1. NAMES.   Variant orthography does not avoid indictment when substantially same sound is preserved.

Variant orthography as respects name of person charged with an offense does not avoid an indictment when substantially the same sound is preserved.   (*Post, p.* 684.)

2. NAMES.   Gooden and Goodwin held idem sonans.

The names Gooden and Goodwin *held idem sonans,* and a plea of misnomer was properly overruled when accused's name was spelled in the indictment as Goodwin instead of Gooden.   (*Post, p.* 684.)

Cases cited and approved:   Robertson v. Winchester, 85 Tenn., 171; Truslow v. State, 95 Tenn., 189.

3. CRIMINAL LAW.   Judgment will not be set aside for clerical mistake.

When a party has had a hearing and a day in court, the effect of the judgment or decree rendered will not be defeated by reason of a clerical mistake.   (*Post, p.* 684.)

Case cited and distinguished:   Nelson v. Trigg, 3 Shannon Cases, 742.

*On admissibility of evidence obtained by illegal search and seizure, see note in 24 A. L. R. 1408.

On applicability of doctrine of idem sonans to substituted or constructive service of process, see note in 30 L. R. A. (N. S.) 122 and L. R. A. 1915B, 1149.

For authorities discussing the liability of peace officer for making arrest without a warrant for breach of the peace, see note in 51 L. R. A. 205.

The question of the right to question the defendant concerning other crimes on cross-examination is discussed in note in 62 L. R. A. 345.

Goodwin v. State.

4. **ARREST.** Arrest without warrant for public drunkenness held proper.

Public drunkenness being a public offense, an officer may without a warrant arrest one who is drunk in public, in view of Shannon's Code, section 6997. (*Post, pp.* 685, 686.)

5. **ARREST.** One causing belief he is drunk subjects himself to arrest without a warrant; arrest is lawful, and right to search person follows.

One who so conducts himself in public as to justify the impression that he is drunk, whether he does so purposely or otherwise, subpects himself to arrest even though he is in fact sober, and the arrest is lawful, and the right to search the person follows. (*Post, pp.* 685, 686.)

Cases cited and approved: Wilson v. State, 79 Tenn., 314; Terry v. Burford, 131 Tenn., 464.

Code cited and construed: Sec. 6997 (S.).

6. **CRIMINAL LAW.** Cross-examining accused as to matters not testified to on direct, and thus obtaining confirmation of guilt, held not reversible error.

In prosecution for unlawfully carrying a pistol alleged to have been found on person after an officer arrested accused without warrant for being drunk in public, where accused took the stand only to show that his arrest and subsequent search was illegal, and testified he was not drunk, permitting prosecution to cross-examine him, and thus to obtain from him a confirmation of his guilt, *held* not reversible error, where the case had been conclusively established by the State subject to rebuttal proof, and if the testimony on cross-examination had been wholly excluded the conviction for having carried the pistol would have followed; accused not having denied the carrying of the pistol, and the fact of actual drunkenness not being the material issue. (*Post, pp.* 686, 687.)

7. **CRIMINAL LAW.** Timely objection to evidence should be made when it is offered to expedite trial of main issue.

An objection to evidence on the ground that it is incompetent because the result of an unlawful search should be made at the

time the evidence is offered, and disposed of by the trial judge in his discretion upon presentation before him, apart from the jury, of all pertinent facts, so that the trial of the main issue may be proceeded with unconfused by issues relating only to the admissibility of evidence. (*Post, p.* 687.)

Case cited and approved: Dickason v. State, 139 Tenn., 606.

### FROM SHELBY.

Error to the Criminal Court of Shelby County.—HON. J. ED. RICHARDS, Judge.

PREWITT SEMMES, for plaintiff in error.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Defendant was convicted of unlawfully carrying a pistol. He first assigns as error the overruling of a plea of misnomer, his name correctly spelled being Walter Gooden, and he having been indicted as Walter Goodwin. It is well settled that a name need not be correctly spelled in an indictment. Variant orthography is immaterial when substantially the same sound is preserved. This court has held that Ellett and Elliott are *idem sonans;* also Johnston and Johnson. *Robertson* v. *Winchester,* 85 Tenn., 171, 182, 1 S. W., 781; *Truslow* v. *State,* 95 Tenn., 189, 196, 31 S. W., 987.

Placing the emphasis upon the first syllable of the name of plaintiff in error, where it customarily falls, it is difficult to distinguish, unless care is used, between the names Gooden and Goodwin, and we are of opinion that the cases

Goodwin v. State.

in this State cited sustain the application of the rule of *idem sonans*.   An examination of the examples cited in the brief of counsel and those elsewhere to be found support this conclusion.   Moreover, it will be borne in mind that—"When a party has in fact had a hearing, and a day in court, it is not the policy of the law to defeat the effect of the judgment or decree rendered upon a clerical mistake."   *Nelson* v. *Trigg,* 3 Shannon Cases, 742.

The facts show beyond question the guilt of the plaintiff in error, but the question of unlawful search is raised by other assignments.   On the trial the arresting officer testified that the behavior of the defendant, particularly the fact that he was "staggering all over the street," was such as to cause the officer to arrest the defendant for drunkenness, and the officer testified that the arrest was made on this ground.   Having thus lawfully arrested him, he searched the defendant, and found on him a pistol loaded and concealed in a scabbard.   He testified that he "didn't have any idea of finding a gun on him," and that he arrested him "because he was drunk."

The only objection interposed to the evidence of the officer was upon the ground that the officer had no search warrant.

"An officer may, without a warrant, arrest a person for a public offense committed, or a breach of the peace threatened, in his presence."   Shannon's Code, section 6997.

Public drunkenness is a public offense, and the objection for the want of a warrant was not well taken.

The State having made out its case and rested, defendant was placed upon the stand following an announcement by his counsel that he would be introduced for the purpose only of attempting to show that the arrest and subsequent

search were illegal. He testified on direct examination that he was not drunk. However, he did not in any way seek to controvert the testimony of the officer that his conduct was suspicious, and such as naturally to create the impression that he was intoxicated, thus affording abundantly reasonable grounds for his arrest. Although a man be in fact sober, if he so conducts himself in public as to justify the impression that he is drunk, whether he does so purposely or otherwise, he subjects himself to arrest, and the arrest is lawful. It was said by Mr. Justice TURNEY in *Wilson* v. *State,* 79 Tenn. (11 Lea), 314, that "reasonable grounds justified the arrest, whether the facts when developed would be sufficient to convict or not;" and again it was said in *Terry* v. *Burford,* 131 Tenn., 464, 175 S. W., 538, L. R. A., 1915F, 714, that "if, on reasonable grounds, he [the arresting party] believed that Burford was about to commit a breach of the peace . . . he had the lawful right to arrest Burford." When the arrest is lawful the right to search the person follows. In so far as error is assigned on the ground that the arrest was made without a warrant the assignments must be overruled.

It is insisted that the trial judge erred in permitting cross-examination of the defendant by the State, and thus obtaining from him confirmation of his guilt. This was not reversible error, since the case had been conclusively made out by the State, subject to rebuttal proof, and, if the testimony on cross-examination had been wholly excluded, defendant's conviction of pistol carrying must have followed. The pistol carrying was not denied, and the fact of actual drunkenness was not the material issue.

As already indicated, the circumstances testified to by the officer justified the arrest, whether defendant proved to be in fact drunk or not, and these circumstances, affording reasonable grounds, were in no way controverted.

Moreover, if objection is desired to be offered to evidence as incompetent because the result of an unlawful search, the objection should be made at the time the evidence is offered, and then disposed of by the trial judge in his discretion upon presentation before him, apart from the jury, of all pertinent facts.   The trial of the main issue may then be proceeded with unconfused by issues which relate alone to the admissibility of evidence.   This practice is by analogy supported by the rule approved in cases of dying declarations, admissibility of which is held to be a question for the court.   *Dickason* v. *State,* 139 Tenn., 606, 202 S. W., 922.

Judgment of the trial court must be affirmed.