R. H. BYRD *v*. STATE OF TENNESSEE.

(*Nashville*, December Term, 1929.)

Opinion filed July 19, 1930.

T. B. FINLEY, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Appealing from a conviction of possessing a still, error is assigned alone on the admission of the testimony of the officers who searched the premises of the defendant without a warrant. The State's insistence is that the entry and search were by the consent of the wife, in the absence of the husband.

The sheriff testified that, accompanied by two. deputy sheriffs, "I went to the premises where the defendant Byrd lived. I went to the door and defendant's wife and her mother were there. I asked them where the defendant was, and they said he had gone to pick salad. I told defendant's wife I had reports that her husband was engaged in making and selling whiskey, and that I would like to come in and look around. She said all right, come in. I told her I had no search warrant, but would like to come in and look around. She invited us in and we searched around in the house and found in the house a small copper still and about three or four gallons of whiskey; white corn whiskey." He said that he later found a bucket of salad by the house, and saw a man he took to be the defendant run away.

We have no reported case in this State directly in point. In *Amos v. United States,* 255 U. S., 313, 65 L. Ed., 654, the testimony of the officers was rejected. In that case it was found that the wife acted under an implied coercion, and the decision was put on that ground, the Court reserving the question arising under facts

showing no coercion. In the Amos case the government officers "went to defendant's home, and, not finding him there, but finding a woman who said she was his wife, told her that they were revenue officers, and had come to search the premises 'for violation of the revenue laws;' that thereupon the woman opened the store and the witnesses entered, and in a barrel of peas found a bottle containing" whiskey; "and that they went into the home of defendant, and, on searching, found two bottles under the quilt on the bed," containing whiskey. Construing this conduct of the officers as "demanding admission" to make a search under government authority, the Court found that the wife acted under implied coercion.

It is difficult to distinguish the case before us from the Amos case on its pertinent facts.

While the sheriff in this case apparently approached the subject more courteously, the essential elements of implied coercion appear to have been equally present. The phraseology differed, but the situation presented to the wife was substantially the same. In the Amos case the officers *told* the wife that they were officers, "and had come to search the premises for violation of the revenue law;" here the sheriff and his two deputies presented themselves to the wife, who doubtless recognized them as officers, and their request was, in its effect the same on this woman,—equivalent to a demand. The force of a demand by one plainly in position to enforce it is not weakened by being given the form of an invitation. Duress is not less controlling because accomplished by polite means. Confronted at her door by three officers of the law seeking admission, we cannot avoid the conclusion that the record fails to show affirm-

atively, as it should, that this ignorant woman acted freely and voluntarily.

In this view we find it unnecessary to consider the question briefed by counsel whether it is possible for a wife, under any conditions, in the absence of her husband, to waive his constitutional rights against search and seizure. While there is some divergence of opinion in the reported cases on this question, it is generally recognized that the search without a warrant is unlawful, unless the entry for such purpose is free from coercion.

Our cases of *Clark* v. *State,* 159 Tenn., 215, and *Crocker* v. *State,* 148 Tenn., 106, are not decisive. In the former the entry of the premises was upon the call of the wife for protection from physical violence threatened by the husband, and the discovery of the liquor was incidental. Not only was no coercion exercised by the officers in obtaining entry, but they were in performance of a clearly lawful mission. And the Crocker case applies here no further than that it declares the legal dominancy of the husband in his house, which is beyond dispute.

The evidence should have been excluded and for error in this regard the judgment is reversed.