KELLEY *v.* STATE.

(*Knoxville*, September Term, 1946.)

Opinion filed October 12, 1946.

Rehearing denied November 30, 1946.

KILGO and ARMSTRONG, of Greeneville, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. SPECIAL JUSTICE PAUL CAMPBELL delivered the opinion of the Court.*

The plaintiff in error was convicted for possessing intoxicating liquors, with his punishment fixed at a fine of $250 and four months in jail.

A review of the record discloses that the wife of the plaintiff in error summoned the officers to come to the home of the plaintiff in error to arrest him on a charge of beating her. When they reached the home, the plaintiff in error was not there, but the wife of the plaintiff in error took the officers into the house and told them that she would show them where he kept his liquor. She took them to a cabinet and showed them two half gallons and eight pint jars of whiskey.

*Sitting for Mr. Justice Chambliss.

On the trial of the case, the plaintiff in error denied ownership of the liquor and denied any knowledge of its presence in the house. His wife testified that the whiskey belonged to her, that she had bought it from a negro from Newport, and that when she told the officers that it was the plaintiff in error's whiskey she was mad at her husband.

The assignments of error relate to the sufficiency of the evidence against the plaintiff in error, and there is a specific assignment to the effect that the lower Court erred in allowing the witnesses for the State, over the objection and exception of the defendant, to testify as to the whiskey found as a result of the search of the defendant's premises, this evidence having been obtained by reason of an unlawful and illegal search.

It is admitted by the State that the only evidence against the plaintiff in error arose from the presumption that the whiskey found in the home of the plaintiff in error was his property.

The Constitution of this State protects citizens of this State against unreasonable searches and seizures, and it has been held consistently that officers may not search premises without having a proper search warrant, and that, if such search is made in defiance of the rights of the owner of the premises, any evidence obtained through such unlawful search is inadmissible against the owner in any prosecution.

The question here asises as to whether or not the wife of the defendant in circumstances such as these could waive the rights of the plaintiff in error so as to enable the State properly to introduce in evidence the discoveries arising out of the search made with the wife's consent.

At the time that the officers reached the premises of the plaintiff in error, there was no breach of the peace occurring, any altercation that had happened between husband and wife having been completed and the husband being absent from the premises. Consequently, the only right to enter upon the premises and search them would be such right as accrued to the officers by reason of the invitation of the wife.

We do not find it necessary to pass upon the question as to whether, in circumstances of normally good relationship between husband and wife, a wife may waive the husband's rights with regard to a search warrant. In this case, however, the wife was angry at her husband, was exceedingly hostile in her attitude toward him, had called the officers to arrest him and then, when the officers appeared, did her utmost to get the plaintiff in error into trouble. In other words, her actions were hostile to her husband and obviously contrary to his interests.

■ We are of the opinion that in such circumstances the wife had no right to waive her husband's protection against unreasonable searches and seizures, any more than any other person would have had. Her whole attitude was contrary to his interests, and it could not be said that she was acting in any sense in the family interest with any authority to waive rights which might otherwise properly arise out of the relationship.

In *Cofer* v. *United States*, 37 F. (2d) 677, 679, the United States Court of Appeals for the Fifth Circuit, in an opinion by Judge GRUBB, held, citing *Amos* v. *United States*, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654, ''The wife was without authority to bind her absent husband by waiving a legal warrant, or consenting to an unauthorized search.''

We are, therefore, of opinion that the evidence procured by this search was improperly admitted and should have been excluded on the objection of the plaintiff in error.

 Furthermore, the only weight that such evidence would have had would have been to create a presumption that the liquor found was the property of the husband, who was, in legal intendment, the head of the house. However, this presumption, like others, is a rebuttable one, and is done away with upon the introduction of affirmative evidence on the point.

 In this case, the wife testified that the whiskey was her property, bought by her, and the husband testified that he did not own the whiskey and knew nothing of its presence in the house. This evidence removed the presumption and left the State without evidence sufficient to support any conviction on this charge.

Accordingly, the assignments of error are sustained and the case is reversed and remanded.

### On Petition to Rehear.

The State has presented a petition to rehear in this cause on the ground that the opinion of the Court is in conflict with the cases of *Hood* v. *State,* 148 Tenn. 265, 255 S. W. 51, and *Goodwin* v. *State,* 148 Tenn. 682, 257 S. W. 79, stating that in each of these cases it was held that where the person accused furnished admissible evidence of his possession of the contraband under investigation, the Court would treat the question of the validity of the search as being immaterial since there had been furnished competent admissible evidence to the same effect as that occasioned by such search.

The Court is of opinion that the situation presented in the cases cited is not comparable to the situation presented in the instant case. In the case of *Hood* v. *State, supra,* there was a "close question" as to whether or not the suspicious circumstances existing in that case justified a search without a search warrant. The Court, however, disregarded that question in view of the circumstances of the case. The Court said:

"However, it appears that the defendant took the stand and admitted that he had in his pocket at the time of his arrest 'part of a pint of liquor' which had been given him shortly before by one of his companions.

"In a case appealed from Shelby County . . . (*Posie Lowry* v. *State,* . . . ), wherein it appears that the defendant was unlawfully searched . . . and a pistol found in his pocket, this court held that, while the action of the officers in making the search was unlawful, the defendant having taken the stand and admitted his guilt, thus furnishing competent evidence thereof, the conviction was thereby sustained."

In the case of *Goodwin* v. *State, supra,* the plaintiff simulated drunkenness, staggering about and otherwise conducting himself as a drunken person. He was arrested by an officer and searched. On the search a loaded pistol was found on his person. In commenting upon the legality of the search, the Court said [148 Tenn. 682, 257 S. W. 80]:

"Public drunkenness is a public offense, and the objection for the want of a warrant was not well taken.

"The state having made out its case and rested, defendant was placed upon the stand following an announcement by his counsel that he would be introduced for the purpose only of attempting to show that the arrest and subsequent search were illegal. He testified on

direct examination that he was not drunk. However, he did not in any way seek to controvert the testimony of the officer that his conduct was suspicious, and such as naturally to create the impression that he was intoxicated, thus affording abundantly reasonable grounds for his arrest. Although a man be in fact sober, if he so conducts himself in public as to justify the impression that he is drunk, whether he does so purposely or otherwise, he subjects himself to arrest, and the arrest is lawful.

"It is insisted that the trial judge erred in permitting cross-examination of the defendant by the state, and thus obtained from him confirmation of his guilt. This was not reversible error, since the case had been conclusively made out by the state; subject to rebuttal proof, and if the testimony on cross-examination had been wholly excluded, defendant's conviction of pistol carrying must have followed. The pistol carrying was not denied, and the fact of actual drunkenness was not the material issue."

These cases go on further to hold that where the evidence obtained by a search warrant is found to be illegal, the conviction will not be set aside when there is independent evidence elicited, either from the defendant or elsewhere, which in itself is sufficient to justify the conviction.

█ In the instant case the only proof against the defendant was the finding of contraband liquor on his premises. This evidence was illegally obtained. Thus far there was no competent evidence against him. Then the defendant and his wife both testified that the liquor did not belong to the husband and the husband denied any knowledge of it whatsoever. Again there was a total lack of evidence as to the defendant's guilt. Under

these circumstances the defendant was improperly convicted.

In *Byrd* v. *State,* 161 Tenn. 306, 30 S. W. (2d) 273, the Court did not pass upon the point in question in this case. There the Court held that the wife was under coercion on the part of officers in permitting a search. Here the wife voluntarily invited the search and exhibited the contraband to the officers, so that an entirely different question is presented.

The attention of the Court is called to the holdings to the effect that the admission of incompetent evidence will not constitute reversible error when competent evidence to the same effect is admitted. In the instant case no competent evidence whatever against this defendant has been introduced.

We think there is no conflict between the holding of the Court in the instant case and its holding in the cases referred to by State's counsel.

Accordingly, petition to rehear is denied.