518

PERCELL BEWLEY

*v.*

STATE OF TENNESSEE.

(*Knoxville,* September Term, (May Session) 1960.)

Opinion filed May 26, 1961.

JACK VAUGHAN, Johnson City, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for defendant in error.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

The defendant below, Percell Bewley, was convicted for possessing a quantity of moonshine whiskey and sentenced to serve not less than one year nor more than one year and one day in State Prison.

The defense of the defendant is that the search by which the whiskey was found was illegal.

It appears that the Sheriff of Washington County, accompanied by three deputy sheriffs entered upon the property of the defendant, Percell Bewley, and made a search of his property which is located in Johnson City. These officers searched the yard and garden grounds and around both sides of the house, and as they were leaving the property they noticed some fruit jars in which they assumed there was white whiskey and these jars were found under the back steps of defendant's house.

The Sheriff did not then take possession of the whiskey but went to the Police Department in Johnson City, and there had the Chief of Police Mullinex to obtain a search warrant for the defendant's property, and then the Sheriff and the Chief of Police returned to the defendant's home and the Chief of Police went direct to the defendant, who was in the house and served this search warrant on him.

The State did not introduce any proof to show that the Sheriff and his deputies had any right to enter upon the

property of the defendant and make a search for anything.

There is no proof of any violation of law in the presence of any officer, nor had there ever been any complaint made to him about the defendant prior to the time the Sheriff obtained the search warrant in this case.

■ We think this search was void and was a direct violation of the defendant's constitutional rights as set out in Article Four, as amended, of the Constitution of Tennessee. See *Hughes v. State,* 145 Tenn. 544, 545, 238 S.W. 588, 20 A.L.R. 639.

■ The State, having through its representatives produced the evidence of the violation of law by one of its citizens by means prohibited by the Constitution, cannot be permitted through its judicial tribunal to utilize the wrong this committed against the citizen to punish the citizen for his wrong; for it was only by violating this constitutionally protected right that his wrong has been discovered.

It might be said that the Chief of Police came back with a search warrant and that the unlawful act of the Sheriff and his deputies did not apply to the Chief of Police. However, the Sheriff and his deputies were trespassers and by reason of this trespass saw the whiskey under the home of the defendant, and then went and obtained a search warrant and accompanied the Chief of Police to defendant's property. See *Kelley v. State.* 184 Tenn. 143, 197 S.W.2d 545; and *Robertson v. State,* 184 Tenn. 277, 198 S.W.2d 633; 47 Am.Jur. Sec. 74, p. 550.

We are therefore of the opinion that the search in this case was unlawful and the judgment of the lower court is reversed and the case dismissed.