KENNETH BROOKS SIMMONS

*v.*

STATE OF TENNESSEE.

360 S.W.2d 10.

(*Nashville,* December Term, 1961.)

Opinion filed September 7, 1962.

WARD HUDGINS, RICHARD H. FRANK, JR., Nashville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, Nashville, for the State.

444

Mr. Justice Dyer delivered the opinion of the Court.

The plaintiff in error, defendant below, was convicted under six separate indictments for burglary in the third degree. He received a three year sentence on each conviction with four convictions to run consecutively and two to run concurrently with the other four. From these convictions defendant has seasonably appealed to this Court assigning errors.

As stated in the excellent briefs for both the State and defendant the only question presented here for determination is in regard to the search of the trailer home occupied by defendant, where the officers as a result of the search found certain stolen property upon which these convictions are based.

Robert T. Morrison a detective with the Nashville Police Department and three other officers received information on the night of May 23, 1961, that defendant's trailer contained stolen property consisting of a radio, television, cameras, pistols, and narcotics. About 9:00 A.M. on May 24, 1961 Detective Morrison and the three other officers went to this trailer, where they conducted a search finding certain stolen property and arresting defendant. Detective Morrison testified in regard to this

search and it was stipulated should the other officers have testified their testimony would have been in substance the same.

Detective Morrison knocked on the door of the trailer and in response thereto Defendant opened the door, whereupon Morrison said, "Hi, Kenneth, how are you doing?" The defendant at this time did not recognize these men as officers. The testimony of just what happened next is herein copied from the record of the testimony of Detective Morrison:

"A. So he opened the door, said "come on in." I stepped up to the doorway, Mr. Owen behind me, and I looked over in the bed and I seen I thought it was a girl there, to start with. I later found out it was Sompayrse.

"THE COURT: Can you speak up louder? I'm afraid the Jury can't hear you.

"A. I could see three or four radios and one television in view. I said, 'Kenneth, we came out here to talk to you. We have information that you have some stolen stuff and a bunch of guns and narcotics, and harboring a juvenile here in the trailer.' I said, 'Now we'll—we want to look around, if you request it, we'll have to get a warrant, and if you request the warrant some of us are going to stay here and let the others go get the search warrant to search.' I had done seen enough I knew it was necessary to search. So he said, 'well, I don't know what you're looking for but if you insist you're going to get a warrant, anyway, just go ahead and search.' Well, I just turned around just behind me, first thing I seen was a gas mask and some burglar tools. Then when I went to pulling them out,

he run over to me, I said, 'Kenneth,' I said, 'I've done seen enough. You're under arrest. Go over there and sit down.' I went to this radio and I found out it was a radio we had a description of been stolen out of an insurance company.''

The state admits they have the burden of showing that the search was made with the consent of defendant or by waiver of his right to be protected against unreasonable searches and seizures in accordance with Article 1, Section 7, Constitution of Tennessee and the Fourth Amendment, Constitution of the U. S. (Fourth Amendment, Constitution of the U. S., is applicable since the decision in *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081).

■■ It is true a defendant may waive his rights relative to searches and seizures under the Constitutions of Tennessee and the United States. *Frix v. State,* 148 Tenn. 478, 256 S.W. 449; *U. S. v. Jones,* 7 Cir., 204 F.2d 745. It is also true that for a search without a warrant to be valid the entry must be without coercion. *Byrd v. State,* 161 Tenn. 306, 30 S.W.2d 273.

The State relies upon the cases of *Frix v. State,* 148 Tenn. 478, 256 S.W. 449, and *U. S. v. Jones,* 7 Cir., 204 F.2d 745.

During the April Term 1923 this Court announced its opinion in the case of *Hampton v. State,* 148 Tenn. 155, 252 S.W. 1007. In this case officers procured a search warrant for the premises of Hampton and went to his home telling him they had such warrant, and he had as well disclose the location of the whiskey and avoid the consequences of the search. Whereupon Hampton disclosed the location of the whiskey.

Upon the trial the search warrant proved to be invalid, since it did not conform to the requirements of the statutes; then the state took the position the search was valid as Hampton had voluntarily shown the officers the whiskey. This Court held Hampton under these circumstances did not voluntarily submit to the search, but his act was rather one of necessity.

The Frix case, supra was announced by this Court during the September Term, 1923. In this case officers went to home of Frix and before making their presence known saw through an open door of an outhouse some barrels of "beer." They summoned Frix by a knock on the door and placed him under arrest. It was then shown officers asked Frix if they would be required to go back to town and obtain a search warrant to search his premises, or whether he would be willing to let them search without such a warrant. To this inquiry Frix replied; "Mr. Brown (one of the officers), you are welcome to go anywhere on my place you want to and search. Go to it." Whereupon the officers searched and found a still for the manufacture of whiskey.

Upon the trial counsel for Frix objected to admission of evidence obtained as a result of the search relying upon the Hampton case, and this Court said:

"The facts in the instant case are not at all analogous to the facts in the Hampton Case. Here, instead of announcing their intention to search whether permission was given or not, the officers informed defendant that unless permission was given they would be compelled to go back to town and procure a search warrant. There was no coercion about the defendant's subsequent agreement and consent that the search be made

without a warrant. He therefore waived his right to require that the officers obtain a search warrant before searching his premises.''

■ In the instant case the officers went to talk with defendant, since they had information he might have been involved in certain crimes. Upon arrival at defendant's trailer they found the information they had received to be correct, and it would be necessary to search the trailer. Thereupon the officers notified defendant they wanted to look around and if he requested they would secure a warrant. It is argued at this point defendant had little if any choice, but to let the officers search, which argument is logical, as he had very little choice. But the fact he found himself with little choice was of his own making, and not brought on by coercion on the part of the officers. We think the facts in this case are controlled by the holdings in *Frix v. State* and *U. S. v. Jones,* supra.

We have considered the other assignments of error and find them without merit.

Judgment affirmed.