Kenneth B. SIMMONS, Petitioner,

v.

Lynn BOMAR, Warden, Tennessee State Penitentiary, Nashville, Tennessee, Respondent.

Civ. A. No. 3600.

United States District Court
M. D. Tennessee,
Nashville Division.

Jan. 7, 1964.

David W. McMackin, Nashville, Tenn., for petitioner.

Henry C. Foutch, Asst. Atty. Gen. of Tennessee, Nashville, Tenn., for respondent.

WILLIAM E. MILLER, Chief Judge.

Petitioner initiated these proceedings by mailing to this Court a letter which was filed as a petition for writ of habeas corpus in forma pauperis. The attorney appointed to represent the petitioner has filed an amended petition on behalf of the petitioner, stating that petitioner was convicted in the Criminal Court of Davidson County, Tennessee, in November 1961, on several counts of burglary and sentenced to a total of twelve years. The amended petition presents only one substantial ground for relief [1]—that petitioner was deprived of due process of law by the introduction of evidence which had been procured through an unlawful search and seizure by the arresting officers, thereby violating his rights guaranteed by the Fourth Amendment to the Constitution of the United States. Objection was made to the introduction of this evidence and an appeal was taken to the Supreme Court of Tennessee asserting error in the admission of the evidence. Petitioner's claim of violation of a federal constitutional right has been finally disposed of adversely to him by the highest court of this state.[2]

Thereafter petitioner sought habeas corpus in this court. He has not sought certiorari in the United States

---

1. Petitioner also alleges that he was held incommunicado for two weeks after arrest (May 24 to June 7). This has not been raised in state court, however, it would clearly be a meaningless gesture to require a return to state court on this issue alone, because even if the allegations are true, there is no prejudice shown such as would be sufficient to vitiate his conviction. No confession was obtained from the petitioner and he there-

after had ample time (June to November) to secure, and did secure legal assistance.

2. "[T]he only question presented here for determination is in regard to the search of the trailer home occupied by defendant, where the officers as a result of the search found certain stolen property upon which these convictions are based." Simmons v. State, 210 Tenn. 443, 444, 360 S.W.2d 10 (1962).

Supreme Court,[3] nor has he undertaken a collateral attack in the state courts. The issue is thus raised: Where petitioner has had an adjudication of his federal constitutional claim on direct review by the highest state court, must he also pursue a post-conviction remedy, such as habeas corpus, in the state courts on the same ground before he will be deemed to have "exhausted his available state remedies" within the meaning of 28 U.S.C.A. § 2254?[4]

■ The respondent has filed a motion to dismiss for the reason that it does not appear that petitioner has exhausted the remedies available to him in the courts of the state. In an order entered October 14, 1963, this Court directed attention to this question and asked that counsel submit briefs and make oral argument on the issue. Upon consideration of the arguments of counsel and authorities cited, the Court is of the opinion that petitioner has exhausted his state remedies within the meaning of 28 U.S.C.A. § 2254; that this Court has jurisdiction to entertain the petition; and that respondent's motion to dismiss must be denied.

For the proposition that the petitioner must first initiate collateral review, respondent relies on Wooten v. Bomar, 267 F.2d 900 (6th Cir. 1959). In that case the Court of Appeals for the Sixth Circuit said:

"The petitioner exhausted his remedy on appeal in the State courts of

Tennessee, but he did not exhaust the alternative remedy of habeas corpus in those courts. * * * It is a well established rule of federal practice that such remedy must be exhausted as a prerequisite to the jurisdiction of the federal courts."

Upon this ground the Court affirmed the District Court's dismissal of the writ. On its face this statement supports respondent's contention, but taken literally it would appear to be an overstatement of what the Wooten case actually holds. A reading of the reported decision of the Tennessee Supreme Court in Wooten v. State, 203 Tenn. 473, 314 S. W.2d 1 (1958), reveals that the federal constitutional claim sought to be raised by the petitioner in federal court was not discussed or decided by the state Supreme Court, and the inference is clear that such claim was not raised by petitioner or presented to that court for decision. Consequently, the Wooten decision on its facts actually rules that habeas corpus must still be sought in the state courts after final decision by the highest court of the state if the federal constitutional claim had not been presented to that court for decision. The Court of Appeals in Wooten had no occasion to determine that application for state habeas corpus would have been necessary had the federal claim been adjudicated adversely to petitioner by the state Supreme Court.

3. Petitioner alleges that his attorneys agreed to seek certiorari, but failed to do so. However, it seems settled that it is not now necessary that petitioner seek certiorari from the United States Supreme Court before bringing habeas corpus in Federal District Court. Fay v. Noia, 372 U.S. 391, 435, 436, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962). The Court specifically overruled Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950), reasoning that the procedural step of seeking certiorari from the United States Supreme Court was not a "state remedy."

4. "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

Respondent relies upon a number of other authorities which on examination only sustain the narrow holding of the Wooten case—that habeas corpus will not lie in federal court if the constitutional claim relied upon by the petitioner had not been raised in the highest state court. In Porch v. Cagle, 199 F.2d 865, 867 (5th Cir. 1952), the Court said that "in this case it does not appear that the Federal constitutional question has ever been presented to the State Court." And in Turner v. Eidson, 215 F.2d 728, 730 (8th Cir. 1954) the Court said:

> "[I]n none of the proceedings in which appellant has engaged in the Missouri courts has he urged these grounds as a basis of attack upon his incarceration, and in none of the denials of relief made by the Missouri courts can those courts be said to have acted in relation to them."

In Pappas v. Buchkoe, 156 F.Supp. 492 (W.D.Mich.1957), where the petitioner sought habeas corpus on the theory of diversity jurisdiction and had not sought state review, the District Court said "[T]he Supreme Court of Michigan has had no opportunity to pass upon these issues." In Smith v. Hixon, 142 F.Supp. 302 (S.D.Ala.1956), the Alabama Supreme Court had likewise not ruled on the constitutional issue, although petitioner had fallen victim to numerous procedural pitfalls in his attempt to obtain such a ruling.

One case cited by the respondent actually supports, in a dictum, the petitioner's position. Alcorn v. Gladden, 286 F.2d 689 (9th Cir. 1961). There the petitioner had not pursued *any* state remedy properly available to him, thus the action of the district court in denying the application was affirmed, but the Court said:

> "Section 2254 does not require that every possible method of obtaining state court relief be pursued to ultimate conclusion. Where, for example, the highest court of a state has held against a defendant on an appeal from his conviction and certiorari has been denied, section 2254 does not make it necessary for him to thereafter seek collateral relief in the state courts with respect to the same alleged errors." At page 691 of 286 F.2d.

To require the petitioner to go back to the state courts for a second determination of the same issue already decided by the state's highest tribunal would appear to be an unreasonable burden to impose in the name of comity. It may be that in some instances there could be reason to believe that a second decision would differ from the first, as where there has been a substantial lapse of time since the last appellate review or where the state court has subsequently rendered a conflicting decision. These factors are not present in this case and their effect insofar as federal jurisdiction is concerned need not be discussed.

The rule which is applicable here was first stated in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1952):

> "It is not necessary in such circumstances for the prisoner to ask the state for collateral relief, based on the same evidence and issues already decided by direct review with another petition for certiorari directed to this Court." At page 447 of 344 U.S., at page 402 of 73 S.Ct.

The "circumstances" were that the petitioners (there were three cases consolidated) had all been convicted of rape in a state court and had asserted violations of their federal constitutional rights in the highest state court. When the state Supreme Court affirmed the convictions, petitioners sought certiorari in the United States Supreme Court which was denied. They then, without further resort to the state courts, sought habeas corpus in the Federal District Court.

In Irvin v. Dowd, 359 U.S. 394, 79 S. Ct. 825, 3 L.Ed.2d 900 (1959) the issue was whether petitioner had exhausted his state remedy, and the Court held that:

> "[T]he doctrine of exhaustion of state remedies embodied in 28 U.S.

C. § 2254 does not bar resort to federal habeas corpus if the petitioner has obtained a decision on his constitutional claims from the highest court of the State, even though, as here, that court could have based its decision on another ground." At page 406 of 359 U.S., at page 832 of 79 S.Ct.

There the Supreme Court of Indiana had thoroughly considered the petitioner's conviction on direct review. The only assignment of error was that the trial judge erred in overruling defendant's motion for a new trial. Since the defendant was an escapee at the time the motion was filed and ruled on, it was held that under Indiana law the motion was not well taken, and that the trial judge had not erred in denying it. However, the Indiana Supreme Court, recognizing the seriousness of the penalty, and that substantial constitutional issues were in question, went on to deal with these issues and determined that the defendant had been accorded a fair trial and that his federal constitutional rights had not been violated. The Supreme Court of the United States held that since the Indiana Court had met these issues, petitioner had exhausted his state remedies.

Finally, in United States ex rel. Crump v. Sain, 264 F.2d 424 (7th Cir. 1959) the Court of Appeals for the Seventh Circuit was presented with this same question. There the petitioner had been convicted in state court of murder on the basis of a confession which he claimed was the product of police brutality. This constitutional claim was raised on direct review by writ of error to the Supreme Court of Illinois. Certiorari was denied by the Supreme Court of the United States, whereupon petitioner sought habeas corpus in Federal District Court. At that time petitioner still had available to him a collateral method of review under the Illinois Post-Conviction Hearing Act, a step which

he had not taken. The Court cited Brown v. Allen and said:

"The state's highest court having ruled on the federal question in the writ of error proceeding, we see no reason for postponing Crump's resort to the federal courts on that question, until he has a second time, and in a new proceeding, elicited another ruling from the same Illinois court on the same question. * * We, therefore, hold that Crump has exhausted his remedies under the laws of Illinois insofar as the federal constitutional question raised in his petition is concerned." At page 426 of 264 F.2d.

\* \* \* \* \* \*

"As we have indicated, the doctrine of exhaustion of state remedies is satisfied by one post-trial decision by the state's highest court; a second decision by that court on the same issue would be superfluous." At page 427 of 264 F.2d.

Accordingly, the respondent's motion to dismiss must be and the same is hereby denied.