**Kenneth B. SIMMONS, Petitioner-Appellant,**

v.

**Lynn BOMAR, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

No. 16164.

United States Court of Appeals
Sixth Circuit.

Aug. 9, 1965.

John P. Kiely, Cincinnati, Ohio, for appellant.

Henry C. Foutch, Asst. Atty. Gen., Nashville, Tenn., George F. McCanless, Atty. Gen., Nashville, Tenn., on brief, for appellee.

Before CECIL, PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

Petitioner-appellant is serving a sentence in the Tennessee State Penitentiary under a conviction for six separate offenses of burglary in the third degree. This appeal is from the judgment of the district court denying his application for writ of habeas corpus.

The facts are set forth in detail in the opinion of the Supreme Court of Ten-

nessee, Simmons v. State of Tennessee, 210 Tenn. 443, 360 S.W.2d 10, and in the two opinions of District Judge William E. Miller, reported at 224 F.Supp. 633 and 230 F.Supp. 226.

The death of Lynn Bomar since the initiation of these proceedings has resulted in the substitution of Henry M. Heer, the present warden of the Tennessee State Penitentiary, as respondent-appellee.

The principal issue presented on this appeal is whether the arresting officers made an unlawful search in violation of the fourth and fourteenth amendments to the Constitution of the United States.

After extensive hearings of evidence, the district judge found that petitioner-appellant consented to the search of his trailer without a warrant. We hold that this finding of fact by the district judge is not "clearly erroneous". Rule 52(a), Federal Rules of Civil Procedure.

Consent to a search, in order to be voluntary, must be unequivocal, specific and intelligently given, uncontaminated by any duress or coercion, and is not lightly to be inferred. United States v. Como, 340 F.2d 891 (C.A.2). The government has the burden of proving that such consent has been given. McDonald v. United States, 307 F.2d 272 (C.A.10); Judd v. United States, 190 F.2d 649 (C.A.D.C.). When these standards are met, it is well settled that a search may be made without a search warrant if voluntary consent has been given. United States v. Smith, 308 F.2d 657 (C.A.2), cert. denied, 372 U.S. 906, 83 S.Ct. 717, 9 L.Ed.2d 716; United States v. Jones, 204 F.2d 745 (C.A.7), cert. denied, 346 U.S. 854, 74 S.Ct. 67, 98 L.Ed. 368; Gatterdam v. United States, 5 F.2d 673 (C.A.6).

The judgment of the district court is affirmed.

The appreciation of the court is expressed to Mr. John P. Kiely of the Cincinnati Bar for his services as court-appointed attorney for appellant on this appeal.