**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joe Edwin MILLER, Defendant-Appellant.**

**No. 16532.**

United States Court of Appeals
Seventh Circuit.

May 24, 1968.

Rehearing Denied June 26, 1968.

William C. Erbecker, Indianapolis, Ind., for appellant.

K. Edwin Applegate, U. S. Atty., Edward J. Kelly, Daniel P. Byron, Asst. U. S. Attys., Indianapolis, Ind., for appellee.

Before DUFFY, Senior Circuit Judge and SCHNACKENBERG and CUMMINGS, Circuit Judges.

DUFFY, Senior Circuit Judge.

Defendant was charged in one count of an indictment with violation of Title 18 U.S.C. § 659, in that he had in his possession three color television sets and two R.C.A. speakers, knowing these chattels had been stolen while they were moving in an interstate shipment of freight and express.

Defendant filed a motion to suppress evidence based on his contention that the TV sets and speakers were seized in an unlawful search and seizure. The District Court denied the motion to suppress. On January 23, 1967, the jury returned a verdict of guilty.

The principal point argued on this appeal is that defendant did not consent to the search freely, knowingly and understandingly.

There is no dispute that on the day following the "hi-jacking" of a truck hauling goods in interstate commerce, FBI agents Cole, Waldrop, Cauthen and Muollo went to the door of the residence of defendant Miller. Agent Cole acted as spokesman. When Miller opened the door, Cole identified himself and introduced the other agents. Each agent displayed his identification. Miller invited the agents into his home. They congregated in the living room.

Agent Cole told Miller the FBI had information that Miller had certain TV sets and radio speakers which had been stolen from an interstate shipment. Cole then advised Miller that he need make no statement but that if he did, it could be used against him. Cole also advised Miller that he had a right to talk to an attorney.

Defendant Miller then said—"Yes, I have some TVs and speakers in my garage which I bought from a fellow last night. Do you want to see them? I'll take you back there and show you." The agent said—"O.K." and they followed the defendant to the garage.

As Miller and the agents started toward the garage, they walked through the living room and through a den. Agent Cole said to Miller—"You know, Mr. Miller, you don't have to show us these things. We don't have a search warrant." Defendant Miller said—"Well, if they're stolen, I didn't know they were stolen. I have nothing to hide. You can look around all you want."

The agents did not make a search of the house or the remainder of the premises. While in the garage, they made note of the serial numbers and models of the TV sets and speakers and ascertained they were among the goods that had been stolen from the truck-trailer.

There was nothing in the conduct of the FBI agents at Miller's home that was, in any manner, coercive. Defendant testified that the agents were very nice, polite and businesslike all of the time they were there.

There was nothing about the search that was unreasonable. As said by the Supreme Court—"The relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable. That criterion in turn depends upon the facts and circumstances—the total atmosphere of the case." United States v. Rabinowitz, 339 U.S. 56, 66, 70 S.Ct. 430, 435, 94 L.Ed. 653 (1950).

It seems clear that the agents, while in the Miller home, acted in a reasonable manner. Their initial suspicion that defendant had committed a crime was reasonable; their attempt to communicate with a United States Commissioner or the United States Attorney once their suspicion was confirmed, was reasonable. The source of their information had told the agents that Miller was trying to sell the TV sets and radio speakers at 2 o'clock that afternoon. With defendant making attempts to dispose of the stolen merchandise, time was of the essence.

■ It is clearly established that no force or deception was used by the FBI agents. The District Court was correct in holding that the consent given by the defendant was voluntarily and intelligently made. United States v. Thompson, 356 F.2d 216, 220 (2 Cir., 1965); Simmons v. Bomar, 349 F.2d 365, 366 (6 Cir., 1965); United States v. Ziemer, 291 F.2d 100, 102 (7 Cir., 1961), cert. den. 368 U.S. 877, 82 S.Ct. 120, 7 L.Ed. 2d 78 (1961); United States v. Jones, 204 F.2d 745, 749–750 (7 Cir., 1953), cert. den. 346 U.S. 854, 74 S.Ct. 67, 98 L.Ed. 368 (1954).

■ We hold that in this case there was a sufficient warning of defendant's rights under the Fourth Amendment. Cf. United States v. Nikrasch, 367 F.2d 740, 744 (7 Cir., 1966).

We further hold that the decision of the District Court that defendant Miller voluntarily and freely consented to the search of his garage, is fully sustained by the evidence. It perhaps should also be noted that the agents did not conduct a search of defendant's home.

■■ The defendant also argues that the trial court unduly prejudiced the jury in favor of the Government by its interrogation of the Government's witness, Michael Lee Bailey. This argument is without merit since the trial court was justified in questioning Bailey regarding his guilty plea entered in this criminal case. While the trial court should not assume the role as trial counsel, it may ask relevant questions of a witness. Since this witness testified that he pleaded guilty to get out of jail, it was proper for the trial court to ask the witness if he wanted his guilty plea set aside. Following the trial court's questions, defendant's attorney refused to continue cross examination of Bailey. The court suggested that defendant's attorney continue the cross examination. The defendant's attorney said—"The defendant declines to carry on the cross examination, Your Honor." After reading the testimony we conclude that the trial court's questions were asked in the furtherance of ascertaining the truth and were impartial.

■ We need not dwell on defendant's additional contention that defendant was convicted " * * * upon suspicion and conjecture and nothing more." Possibly such a claim might be considered permissible as an argument to a jury where wide latitude is given. However, in view of the undisputed evidence on this trial, it is absurd to make such an argument to this Court.

The judgment of conviction is

Affirmed.