385 So.2d 681 (1980)
The STATE of Florida, Appellant,
v.
Lazaro GONZALEZ-VALLE, Appellee.
No. 79-1522.
District Court of Appeal of Florida, Third District.
June 10, 1980.
Rehearing Denied July 11, 1980.
Janet Reno, State's Atty. and Milton Robbins, Asst. State's Atty., for appellant.
Peter F.K. Baraban, Miami, for appellee.
Before BARKDULL and HUBBART, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
PER CURIAM.
The State of Florida seeks review of an order of the trial court suppressing certain evidence seized pursuant to a warrantless search. We affirm.
*682 On the morning of April 27, 1979, several officers of the Dade County Public Safety Department went to the defendant's home, in answer to a call by the defendant's wife who had informed them (through a third person) that the defendant had a gun and some narcotics in his possession. Upon their arrival they waited for the defendant's wife to return home, at which time they entered the home and the bedroom occupied by the defendant and proceeded to search the room. The search was made without a warrant but was made pursuant to consent thereto being given by the wife. Said search uncovered a gun and some narcotics, resulting in the defendant's arrest.
The defendant moved to suppress the evidence on the basis of an illegal search and seizure. At hearing on the motion to suppress, it was revealed that the reason the wife wanted her husband arrested and consented to the search was that she and her husband were having marital difficulties and that she was angry and jealous over the fact that the defendant was having an affair with another woman. Based thereon, the trial court granted the motion to suppress.
The question to be determined is whether or not, under the circumstances of this case, the consent by the wife permitted a valid search of the premises. We hold it did not. In Florida, the husband and wife relationship (without more) does not authorize one spouse to waive the constitutional rights of the other to a warrantless search. Silva v. State, 344 So.2d 559 (Fla. 1977); State v. Blakely, 230 So.2d 698 (Fla. 2d DCA 1970). We recognize that there are exceptions to this rule; however, even if this case fell within one of those exceptions, the search would still be invalid because the motive of the defendant's wife in consenting to the search was clearly one of spite, being hostile to the defendant, and made with the intent to harm him. Under such circumstances, the wife had no right to waive her husband's protection against unreasonable searches and seizures any more than any other person would have had. Silva v. State, supra; United States v. Mazurkiewicz, 431 F.2d 839 (3rd Cir.1970); Kelley v. State, 184 Tenn. 143, 197 S.W.2d 545 (1946). Therefore, the search and seizure herein was illegal, being predicated upon an invalid consent.
We find the other point raised by the State herein to be without merit.
Based on the foregoing, the order appealed suppressing the fruits of the search is hereby affirmed.
Affirmed.