483 So.2d 95 (1986)
STATE of Florida, Appellant,
v.
Charles W. RADCLIFFE, Appellee.
No. 85-955.
District Court of Appeal of Florida, Fifth District.
February 13, 1986.
*96 Jim Smith, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellee.
COBB, Chief Judge.
In this case the trial court suppressed contraband seized inside a trailer jointly occupied by the defendant, Radcliffe, and an informant, Coltrane. The trial court's order was expressly predicated on Griffin v. State, 276 So.2d 191 (Fla. 4th DCA 1973), a case dealing with the insufficiency of evidence at trial to show exclusivity of possession.[1] On appeal the defense concedes that this rationale was erroneous under the instant facts, but contends that suppression should be sustained on the basis that Coltrane's consent for the police to search the jointly occupied premises was motivated by hostility toward the defendant.
The facts show that Coltrane, while being arrested outside the trailer for an unrelated offense, stated to the arresting officer that since he was in trouble, he wanted to "bring someone else along with him." He then invited the officer back into the trailer. The uncontroverted testimony showed that the officer, once inside the trailer, was able to observe growing marijuana plants in Radcliffe's bedroom while standing in the hall, and was shown another marijuana plant in the kitchen refrigerator. Radcliffe was not present at the time of the search.
The law is well established in Florida that a joint occupant of premises can give a valid consent for the search of those premises. Lara v. State, 464 So.2d 1173 (Fla. 1985); Ferguson v. State, 417 So.2d 631 (Fla. 1982). Given a valid consent to entry by a police officer, contraband seen in plain view can be seized. Younger v. State, 433 So.2d 636 (Fla. 5th DCA 1983). It would therefore appear, based upon these precedents, that the consensual entry and contraband seen in plain view would not be vulnerable to Radcliffe's motion to suppress.
The defense argument on appeal, while admitting that a co-occupant generally may consent to a search of joint premises, is that such consent may be vitiated by a malicious motive on the part of the consenting party to harm the other occupant. In support of this argument, the defendant relies upon the case of State v. Gonzalez-Valle, 385 So.2d 681 (Fla. 3d DCA 1980). In that case, the defendant's wife called the police to inform them that the defendant had a gun and some narcotics in his possession. The police arrived and, pursuant to the wife's consent, searched the bedroom occupied by the defendant and uncovered a gun and some narcotics, resulting in the defendant's arrest. At a hearing on motion to suppress this evidence, it was revealed that the wife's consent was motivated by her anger and jealousy directed against her husband because of his marital infidelity. The trial court granted the motion to suppress and the appellate court affirmed, stating:
The question to be determined is whether or not, under the circumstances of this *97 case, the consent by the wife permitted a valid search of the premises. We hold it did not. In Florida, the husband and wife relationship (without more) does not authorize one spouse to waive the constitutional rights of the other to a warrantless search. Silva v. State, 344 So.2d 559 (Fla. 1977); State v. Blakely, 230 So.2d 698 (Fla. 2d DCA 1970). We recognize that there are exceptions to this rule; however, even if this case fell within one of those exceptions, the search would still be invalid because the motive of the defendant's wife in consenting to the search was clearly one of spite, being hostile to the defendant, and made with the intent to harm him. Under such circumstances, the wife had no right to waive her husband's protection against unreasonable searches and seizures any more than any other person would have had. Silva v. State, supra; United States v. Mazurkiewicz, 431 F.2d 839 (3d Cir.1970); Kelley v. State, 184 Tenn. 143, 197 S.W.2d 545 (1946). Therefore, the search and seizure herein was illegal, being predicated upon an invalid consent.
385 So.2d at 682.
Gonzalez-Valle is distinguishable from the instant case because here there is no husband and wife relationship. Even if there were, we believe that the Third District has misconstrued Silva, the Florida Supreme Court case upon which it relied. In Silva the Florida Supreme Court held that it is not the marital status of the parties as such that determines the validity of a search consented to by an occupant of premises jointly occupied and controlled; rather:
The justification for allowing any person to consent to a search which may result in the seizure of evidence against another is the authority that person has by virtue of his sharing dominion and control over the premises... .
344 So.2d at 562.
The Silva court specifically stated:
... The law is clear that if the person whose possessions are the object of a search is absent from the premises, another having joint control may validly consent to the search.
Id. The result would be different if the nonconsenting occupant were present and objecting to the search, or if the area searched was not jointly controlled by the consenting party, but was an area exclusively controlled by the nonconsenting occupant wherein he had a reasonable expectation of privacy.
It is apparent, then, that the motivation of Coltrane in the instant case is not the significant factor.[2] The key is the extent of his control of the premises as a joint occupant in the absence of the other joint occupant. In the instant case, the evidence is undisputed that the officer traversed only jointly controlled areas within the trailer, which were under Coltrane's control, and wherein Radcliffe had no reasonable expectation of privacy, and that Radcliffe was not present and objecting.
Under these circumstances, the trial court erred in suppressing the evidence.
REVERSED.
ORFINGER and SHARP, JJ., concur.
NOTES
[1] As pointed out in the state's brief, Griffin dealt with the sufficiency of evidence at trial to show the defendant's knowledge of contraband legally seized; the issue at a suppression hearing, as in the instant case, is the legality of the search.
[2] In the recent case of Bertolotti v. State, 476 So.2d 130 (Fla. 1985), the court held that a search consented to by the defendant's girlfriend and apartment-mate (in his absence) was not vitiated even though the consent was motivated by the possibility of financial reward.